S. R. RAWLS et al. v. JAMES L. MAYO.

(Filed 17 September, 1913.).

1. Judgments — Estoppel—Appeal and Error—Collateral Attack—
   Procedure—Executors and Administrators.

   The deceased had given an option on lands for a certain price to M., subject at the time to an agreement made with S. In an action thereafter brought by M. against the personal representatives, heirs at law and devisees of the deceased, judgment was rendered declaring M. entitled to a deed of conveyance under his option, upon payment of the purchase price. In an action

brought by S. under his contract against the same parties con-
cerning the same land, judgment was entered dividing the lands
between M. and S. and declaring that the proceeds of the sale of
the lands to M. should be treated as real estate assets, from
which there was no appeal. The present action is one to compel
the administrator of the deceased to collect the purchase price
of the lands from M. and apply it to the payment of certain
legacies under the will; and it is admitted this cannot be done
if the proceeds of the sale are regarded as realty: *Held*, the
judgment that the proceeds of sale of the land to M. should be
regarded as real estate assets cannot be collaterally attacked,
the remedy having been to correct it on appeal for the misappli-
cation of legal principles.

2. Judgment, Voidable — Consent — Infant Parties—Collateral At-
tack—Procedure.

This is an action against an administrator to compel him to
collect certain proceeds of the sale of deceased's land, and apply
them to the payment of certain legacies in money left to the
plaintiffs under the will of the deceased. In a former action to
which the plaintiffs were infant parties, it was adjudged that
these proceeds be regarded as realty, from which there was no
appeal, and it is admitted that if they are so to be regarded the
plaintiffs cannot recover. Conceding that the former judgment
was entered by consent, it is *Held*, that it would be voidable and
not void, and not subject to collateral attack.

APPEAL by plaintiff from *Whedbee, J.*, at May Term, 1913,
of BEAUFORT.

On 17 March, 1908, L. R. Mayo and wife gave to James L.
Mayo an option to purchase the land he bought of E. Tuthill, at
any time on or before 15 July, 1908, for $6,000. At that time
Mayo's ownership of said tract was subject to an agreement
with Whilden Springer made 7 May, 1904, and duly recorded
21 November, 1907.

On April, 1908, L. R. Mayo died, leaving a last will and
testament.

James L. Mayo in apt time brought suit against the per-
sonal representative, heirs at law and devisees of L. R. Mayo,
to enforce his option. Judgment was rendered at October Court,
1908, declaring him entitled to a deed conveying said land upon
the payment of $6,000 to the administrator.

Whilden Springer brought suit against the personal representative, heirs at law and devisees of L. R. Mayo (James L. Mayo was son of L. R. Mayo and a devisee under his will), to enforce his contract made with L. R. Mayo on 7 May, 1904. The cause was heard at December Term, 1910, and judgment entered dividing said lands between James L. Mayo and Whilden Springer.

It seems to have been agreed by the heirs at law (those of them that were over 21 years of age) that as James L. Mayo only got a title to half interest in the land on account of L. R. Mayo's agreement with Springer, he should pay only one-half, or $3,000.

The plaintiffs were parties to both of said actions, but some of them were infants.

In the second of said actions the following judgment was entered:

"It is now, by consent of the parties and their said attorneys, adjudged and decreed by the court as follows:

(Then follow seven paragraphs which it is not necessary to set out, and then the following:)

"It is further adjudged that the proceeds of sale of said land to James L. Mayo shall be treated as real estate assets, and accounted for by said administrator as such."

The defendants claim that J. L. Mayo has paid the sum of $3,000 due by him to the devisees under the will of L. R. Mayo, but this is not found as a fact.

The will of L. R. Mayo bequeathed to his wife $1,000 in cash, and to his son Samuel $500 in cash, and to his son John B. Mayo $2,000 in cash. These legacies have not been paid, and the administrator has no funds with which to pay them, and refuses to sell real estate to make assets with which to pay them, all the personal estate having been exhausted.

This suit is brought to compel the administrator to collect said money from James L. Mayo and out of same to pay these legacies, and it is admitted that the plaintiffs are not entitled to recover if the purchase money from James L. Mayo is not personal property.

The court was of opinion that the purchase money from the said James L. Mayo, even if it should be paid the administrator,

would not be subject to the payment of these legacies, and at close of plaintiffs' evidence, on defendant's motion, nonsuited the plaintiffs, and they excepted and appealed.

*Ward & Grimes for plaintiffs.*
*Small, MacLean & Bryan for defendants.*

ALLEN, J.  It is admitted that the plaintiffs cannot recover if the purchase money in the hands of J. L. Mayo is not personalty, and it appears in the record that a judgment has been rendered in an action, to which the plaintiffs were parties, adjudging it to be real estate, from which there has been no appeal.

If this adjudication was wrong, it is because it was based on the erroneous application of legal principles, and the remedy to correct the error was by appeal. *Stafford v. Gallops,* 123 N. C., 21; *McLeod v. Graham,* 132 N. C., 475.

Nor can the fact that the plaintiffs were infants at the time of the adjudication, and that the judgment was by consent, benefit the plaintiff, if it be conceded that the part adjudging the purchase money to be real estate was by consent, which is not beyond dispute, because if treated as the contract of infants, which is the most favorable view for the plaintiffs, it would be voidable and not void (*Millsaps v. Estes,* 137 N. C., 535), and cannot be attacked collaterally. *Earp v. Minton,* 138 N. C., 204.  The plaintiffs have not sought to impeach the judgment by motion or action, but treat it as void, which, as we have seen, is not a correct view to take of it, and we must hold that it precludes a recovery.

Affirmed.