JOHN MORGAN, BY HIS NEXT FRIEND, J. F. ROBINSON, v. MRS. M. A. OWEN AND MORGAN & PERRY.

(Filed 19 December, 1930.)

Judgments F c — In this case judgment, being contrary to verdict, is vacated and verdict set aside and a new trial ordered.

When according to the verdict of the jury the plaintiff is entitled to recover damages in a negligent injury case, and the trial court refuses to sign judgment according to the verdict on the ground that as a matter of law the evidence failed to establish the defendant's negligence as a proximate cause of the plaintiff's injury, and signs judgment for the defendant without disturbing the verdict: Held, there being a conflict between the verdict and judgment, the judgment will be vacated, the verdict set aside and a new trial ordered on appeal. Jernigan v. Neighbors, 195 N. C., 231, cited and applied.

APPEAL by plaintiff from Barnhill, J., at September Term, 1930, of HAYWOOD. New trial.

The plaintiff, a minor, brought suit by his next friend to recover damages resulting from the collision of a truck owned and operated by Morgan & Perry with an automobile owned and driven by Mrs. Owen. At the close of the plaintiff's evidence the defendants moved to dismiss the action as in case of nonsuit and the motion was denied. The defendants offered evidence and at the conclusion of all the evidence again made a motion for judgment as in case of nonsuit. This motion, also, was denied. The defendants excepted. After considering the evidence under the court's instructions the jury returned the following verdict:

1. Was the plaintiff injured by the negligence of Mrs. M. A. Owen, as alleged in the complaint? Answer: Yes.

2. Was the plaintiff injured by the negligence of D. A. Perry and H. L. Morgan, trading as Morgan & Perry, as alleged in the complaint? Answer: Yes.

3. What damage, if any, is the plaintiff entitled to recover? Answer: $6,500.

The judgment recites these facts: "After the return of the verdict, the court being of the opinion as a matter of law that the plaintiff was not entitled to recover against the defendant, Mrs. Owen, for that in the opinion of the court the negligence complained of as to this defendant could not have been one of the proximate causes of the plaintiff's injury; and the court being of the opinion, upon the admission of counsel for plaintiff, that the defendant, H. L. Morgan, only, was liable for the payment of any judgment against the partnership trading as Morgan & Perry, and that the plaintiff, being the minor son of the defendant, H. L. Morgan, could not recover against the defendant, H. L. Morgan, sets the verdict aside as to those defendants by consent. It is therefore considered, ordered and adjudged that the plaintiff take nothing by this action, and pay the costs incurred. And upon the intimation of the court that the verdict would be set aside as to the defendants, H. L. Morgan and D. A. Perry, the plaintiff, through his counsel, takes a voluntary nonsuit as to the defendants H. L. Morgan and D. A. Perry, trading as Morgan & Perry, which is allowed by the court."

The plaintiff excepted to the judgment and appealed.

*S. M. Robinson and Morgan, Ward & Stamey for appellant.*
*Ward & Allen for Mrs. Owen, appellee.*

ADAMS, J.   The plaintiff took a voluntary nonsuit as to Morgan & Perry, and with the question of their liability we are not concerned.

An entirely different relation exists between the plaintiff and Mrs. Owen.   His Honor twice denied her motion for nonsuit, and thereby held as an inference of law that the evidence raised issues for the jury. Accordingly, issues were submitted to the jury and were answered in favor of the plaintiff.   When the verdict was returned his Honor expressed the opinion as a matter of law that the plaintiff was not entitled to judgment on the verdict because the negligence of Mrs. Owen could not have been a proximate cause of the plaintiff's injury, and then adjudged that the plaintiff take nothing by his action and pay the costs.

The record thus presents an unusual situation.   The essential elements of actionable negligence are injury, negligence, and proximate cause.   The court's denial of the motion to nonsuit was in effect an adjudication that the evidence tended to show a causal relation between the defendant's negligence and the plaintiff's injury; and this relation was established by the jury's answer to the first issue.   The latter

opinion, set out in the judgment, is altogether inconsistent with the former opinion of the court and with the finding of the jury. It is to be noted that the verdict was not set aside; it is undisturbed. The action was not dismissed as in case of nonsuit; but by a final judgment it was declared that the plaintiff should take nothing by his action. The plaintiff is denied judgment. although there is no interference with the verdict awarding him damages.

Substantially the same conditions arose in *Jernigan v. Neighbors,* 195 N. C., 231. In that case we remarked, "If we simply reverse the judgment, the verdict will stand, and in that event the plaintiff will recover damages to which, according to the judgment, he is not entitled upon the evidence; and as the motion to dismiss the action cannot now be allowed, we are of opinion that the judgment should be reversed, the verdict set aside, and a new trial awarded."

The decision is controlling in this case. The judgment, as it stands, nullifies the verdict; if it is vacated and the plaintiff requests another in accordance with the verdict, he will be confronted with the court's adverse expressions of opinion concerning his right to relief. We, therefore, follow the course pursued in *Jernigan's case.* The judgment is vacated, the verdict set aside, and a new trial ordered.

New trial.