C. O. PRICE, ADMINISTRATOR OF HULDA COOK, v. LIFE AND CASUALTY INSURANCE COMPANY OF TENNESSEE, INCORPORATED.

(Filed 30 September, 1931.)

1. **Appeal and Error J b—Action of trial court in refusing to set aside verdict as matter of discretion is final.**

    Where in the trial of an action the court has refused the defendant's motion as of nonsuit, and after verdict and judgment has set aside the judgment as a matter of law for insufficiency of evidence, and upon appeal therefrom the Supreme Court remands the judgment for the further proceedings, and thereafter the defendant makes motion before another judge to set aside the verdict as a matter of discretion, which motion is refused, *Held:* the refusal to set aside the verdict as a matter of discretion is final.

2. **Judges A a—One Superior Court judge may not review action of another.**

    As a rule one judge may not review the action of another judge of coordinate jurisdiction on the same facts.

APPEAL by defendant from *Cranmer, J.,* at June Term, 1931, of HALIFAX.

The plaintiff brought suit before a justice of the peace to recover an amount alleged to be due on an insurance policy. On appeal to the

Superior Court a verdict was awarded and judgment was given the plaintiff at the December Special Term for the sum of $175.00. On the day following the rendition of this judgment, the presiding judge, on motion of defendant ordered that the judgment be vacated as a matter of law and not as a matter of discretion. The plaintiff appealed to the Supreme Court and the cause was remanded upon error for further proceedings. 200 N. C., 427. At the June Term, 1931, the defendant made a motion before Judge Cranmer in his discretion to set aside the verdict and judgment rendered by his predecessor at the previous December Term. Judge Cranmer was of opinion that he was without discretion in the matter and denied the defendant's motion. The defendant excepted and appealed.

*Allen C. Zollicoffer and E. L. Travis for plaintiff.*
*Parker & Allsbrook for defendant.*

ADAMS, J. The case was tried in the Superior Court in December, 1930. At the close of the plaintiff's evidence the defendant moved for judgment of nonsuit. The motion was denied; the defendant excepted and declined to offer evidence. The jury returned a verdict in favor of the plaintiff for one hundred and seventy-five dollars and the court gave the plaintiff a judgment for this sum. On the next day the court upon motion of the defendant set aside the judgment as a matter of law and not as a matter of discretion. The specific ground upon which the judgment was vacated is not set out in the order, but in its brief the appellant says that the instruction given the jury was in conflict with the principle stated in *Gilmore v. Ins. Co.*, 199 N. C., 632. This objection, however, was essentially involved in the judge's refusal to dismiss the action upon the plaintiff's evidence; and having adjudged the legal sufficiency of the evidence before verdict, the court could not after verdict and judgment reverse this ruling as a matter of law. On this point the defendant's remedy lay in its exception and appeal. *Godfrey v. Coach Co.*, 200 N. C., 41; *Lee v. Penland, ibid.,* 340; *Price v. Ins Co., ibid.,* 427.

It appears from the face of the order that the court refused to vacate the judgment as a matter of discretion. Such exercise of discretion was final. As a rule one judge may not review the action of another judge of coördinate jurisdiction on the same state of facts. Judge Cranmer's judgment must therefore be affirmed.

The appellant says that if Judge Cranmer's order is correct the plaintiff will recover a judgment which cannot be sustained under the

law announced in the *Gilmore case;* but as pointed out by the appellee's brief two courses were open to the appellant, and it pursued the one which led to an unexpected result.

It is not necessary to advert to the obvious distinction between the present case and *Morgan v. Owen,* 200 N. C., 34. Judgment
    Affirmed.