W. H. DAVIS AND WIFE, MARGARET DAVIS, v. THE FEDERAL LAND BANK OF COLUMBIA.

(Filed 28 February, 1940.)

1. **Judgments § 32—Adjudication in foreclosure suit that mortgagors were not entitled to restrain execution of writ of assistance held to bar them from thereafter litigating identical question in subsequent actions.**

    Judgment by default final was entered in a foreclosure suit. Application for writ of assistance was resisted by the mortgagors on the grounds that they had been induced by fraud not to contest the foreclosure action and that it had been agreed that the mortgagors would be permitted to redeem after foreclosure. Mortgagors appealed from the order of the clerk directing the issuance of the writ. Mortgagors also made a motion in the cause to restrain the execution of the writ upon the same grounds and upon the further ground that the judgment failed to exclude from its effect certain mineral rights not conveyed by the mortgage, which motion was denied and the mortgagors appealed, but failed to perfect same. Thereafter, mortgagors made another motion to restrain execution of the writ upon the same grounds set forth in the prior motion, and further prayed for correction of the foreclosure judgment. This motion was denied and upon appeal to the Supreme Court it was ordered that the foreclosure judgment should be modified so that the mortgagors might litigate their claim to mineral rights, and that upon such modification being made, the plaintiff therein would be entitled to the writ of assistance, and judgment of the Superior Court was entered in accordance therewith and writ of assistance issued, and mortgagors excepted but did not appeal. During the period between the rendition of the decision of the Supreme Court and the modification of the judgment of the Superior Court in accordance therewith, mortgagors instituted two actions, one to adjudicate their claim to the mineral rights and the other to vacate the judgment and restrain the issuance of the writ of assistance. Mortgagors then moved to restrain execution of the writ of assistance by motion and petition which referred to both of the actions instituted by them, and to the foreclosure judgment, and this appeal is from the denial of this motion. *Held:* Even conceding that execution of a writ of assistance can be restrained in an independent action, the right to such relief had been finally adjudicated against mortgagors in the foreclosure suit to which they were parties, and they are precluded by such final adjudication from again seeking the same relief in either of the actions instituted by them.

2. **Assistance, Writ of, § 5—**

    The proper remedy to restrain execution of a writ of assistance is by motion in the cause, since a writ of assistance is in the nature of an execution.

3. **Courts § 3—**

    One Superior Court Judge may not review the judgment of another Superior Court judge or restrain him from proceeding in a cause in which he has full jurisdiction.

APPEAL by plaintiffs from *Nettles, J.,* in Chambers, in Rockingham County, 15 August, 1939, from STOKES. Affirmed.

A civil action heard on motion to show cause why a temporary restraining order should not be continued to the hearing.

The defendant Land Bank instituted a civil action in the Superior Court of Stokes County against the plaintiffs herein and others for the foreclosure of a mortgage on a certain tract of land in Stokes County. There was judgment by default and foreclosure was had under the terms thereof, the Land Bank becoming the purchaser of the premises. Thereupon, on 30 December, 1937, the Land Bank applied to the court for a writ of assistance. The defendants in the suit, including the plaintiffs herein, answered denying the Bank's right of possession and resisting the granting of the motion for a writ of assistance for that said defendants, by the false and deceitful representations of the plaintiff therein, had been induced to refrain from filing an answer, and that the plaintiff therein had agreed that upon a foreclosure of said premises said defendants would be permitted to redeem the premises. Upon the hearing of the motion the clerk, on 19 February, 1938, entered his order directing the issuance of the writ. Defendants excepted and appealed. A writ of assistance was issued 14 March, 1938.

On 17 March, 1938, plaintiffs herein filed a petition and motion in said cause seeking an order restraining the plaintiff therein and the sheriff of Stokes County from executing the writ of assistance. The plaintiffs herein alleged in said petition that the judgment of foreclosure was irregular and void for that the said judgment and deed did not except therefrom the mineral rights in that portion of the land described in deed from J. E. Marshal to T. E. Davis; that they are the owners of said mineral rights and that they are tenants of all of said land other than the Marshal tract. They further allege the misrepresentations which induced them not to answer, an agreement not to bid and the alleged contract under which they should be permitted to redeem the property.

On 17 April, 1938, Harding, J., issued a temporary restraining order returnable before Bivens, J. The Land Bank having filed answer, Bivens, J., heard the motion on the order to show cause on 28 April, 1938, and dissolved the temporary restraining order. In his order Bivens, J., found "that the defendants are not entitled to injunctive relief, that their petition is without merit, and that the defendants' petition should be dissolved." He further authorized the said Land Bank and the sheriff of Stokes County to proceed with the execution of the writ of assistance theretofore issued. The plaintiffs herein excepted to the order of Bivens, J., and gave notice of appeal. Subsequently, at the August Term, 1938, Clement, J., found as a fact that the plaintiffs

herein had failed to effect said appeal and had abandoned same and so adjudged.

On 8 October, 1938, plaintiffs herein filed petition, supported by affidavit, in that cause in which they assert in part that they are the owners of the mineral rights in said land; the alleged contract or option to repurchase after foreclosure; the misrepresentations which induced them to refrain from filing answer and the alleged fraud through which the default judgment was procured and pray an amendment to the judgment of foreclosure and that said judgment be vacated. At the October Term, 1938, Clement, J., upon hearing the petition and motion, dismissed the appeal from the order of the clerk granting a writ of assistance and declined to amend the judgment so as to exclude and except the mineral interests from its operation. He likewise denied the motion of defendant therein to vacate the judgment for fraud.

From the judgment thus entered the plaintiffs herein appealed to this Court and this Court directed an amendment of the judgment in such manner as to show that the purchaser at the foreclosure sale acquired all such interest in the land as was conveyed by the mortgage. It further directed that certain language in the judgment should be modified to the end that the plaintiffs herein should not be precluded from thereafter asserting that the mortgage did not convey the mineral interests. *Land Bank v. Davis,* 215 N. C., 100.

Thereafter, in due course, final judgment was signed and entered in the Superior Court of Stokes County in accord with the opinion and judgment of the Supreme Court, and on 15 August, 1939, Nettles, J., issued a writ of assistance, to which the plaintiffs herein excepted but did not appeal.

On 20 April, 1939, plaintiffs herein instituted an action against the defendant to adjudicate their ownership of the mineral rights in said land, including roads, bridges, buildings, etc. They allege ownership by adverse possession; that the defendant is attempting to oust them from the possession of the land and that the possession they are maintaining and are entitled to maintain, is an essential incident to their ownership of the mineral rights. In this action they pray that they be adjudged the sole owners of the mineral rights and that the Court enter an order directing the defendants to refrain from interfering in any wise with the plaintiffs' possession and use, as at present, of the said land for the purpose of developing and working their mineral rights therein.

On 12 May, 1939, plaintiffs instituted another action against the defendant to vacate and annul the judgment in *Land Bank v. Davis, supra,* and to enforce the alleged contract of purchase and sale under which the plaintiffs were to be allowed to redeem. They likewise pray a restraining order against the issuance of a writ of assistance in the Land

Bank case. In this complaint plaintiffs make substantially the same allegations as to the misrepresentations which induced them to refrain from filing answer and as to the alleged contract to redeem and as to the fraud in obtaining the judgment of foreclosure which were contained in the motions filed and heard in the original Land Bank case.

On 11 May, 1939, plaintiffs filed a petition and motion for a restraining order in which reference is made to both of the pending cases, but it does not satisfactorily appear in which case the motion was made. Thereupon, the court issued an order to show cause why a temporary restraining order therein directed should not be continued to the hearing. On 15 August, 1939, the motion to show cause came on to be heard before Nettles, J. Upon the hearing Nettles, J., found "that the plaintiffs are not entitled to the relief prayed for, for the reason that it is not alleged that the plaintiffs have tendered performance of their part of the alleged contract with the defendant and it further appearing to the court . . . that the grounds upon which the plaintiffs seek to procure injunctive relief are virtually the identical grounds upon which the plaintiffs in a former action interposed by a motion in the cause, to restrain the issuance of a writ of assistance, and that upon the matter being heard before Hon. E. C. Bivens, Resident Judge, the Restraining Order was dissolved and from the dissolution of the Restraining Order these plaintiffs in that action did not perfect an appeal." The court further found that the facts presented at the former hearing were substantially those appearing on the motion and that the parties are identical. Thereupon, judgment was entered dissolving the restraining order. The plaintiffs excepted and appealed.

*J. W. Hall, Fred M. Parrish, Roy L. Deal, and Benbow & Hall for plaintiffs, appellants.*
*Ingle, Rucker & Ingle for defendant, appellee.*

BARNHILL, J. The record is in a most unsatisfactory condition. There are two complaints, neither one of which appears in the record as an exhibit. It is impossible for us to determine whether the application for the restraining order was made in the action first instituted or in the second action. As to this counsel themselves cannot agree. The plaintiffs assert in their brief that application was made in the action instituted in April. The defendant asserts that it was made in the action instituted in May. The reference in the order of Nettles, J., would seem to make it appear that it was issued in the second action, in which the plaintiffs allege a contract to purchase after the foreclosure. While this has required the statement of facts which would not otherwise be so necessary, perhaps it is not very material. In either event the same question of law is presented.

It seems apparent that the plaintiffs misapprehend the extent of the opinion of *Land Bank v. Davis, supra.* It was not there adjudged that the mortgage under which foreclosure was had did or did not convey the mineral interests. Neither was it adjudged that the plaintiffs are or are not the owners of the mineral interests in said land. It merely directed that the judgment be so amended as to show that the questions as to what the mortgage conveyed and as to the ownership of the mineral interests were reserved for future determination.

It was further decreed that upon the amendment being made the plaintiff therein was entitled to a writ of assistance.

The record discloses that the judgment in that action was amended in accord with the opinion of this Court and that on 15 August, 1939, Nettles, J., issued his order in the nature of a writ of assistance directing the sheriff of Stokes County to remove the plaintiffs herein from said premises and to place the Land Bank in possession thereof. To this order plaintiffs herein excepted but did not appeal.

The plaintiffs were parties defendant in the former action instituted by the Land Bank and are bound by the judgment entered. They twice appeared therein by motion and presented to the court the identical questions they now seek to present. The facts were found adversely to them and judgments were entered accordingly. While they excepted to the judgment entered by Bivens, J., they did not perfect their appeal. When they appealed from the order of Clement, J., the relief they sought was granted only to the extent that a correction of the judgment was directed. The judgments entered in the former action on the motions made therein constituted a final adjudication of their right to an order restraining the service of the writ of assistance issued by Nettles, J. Possession is an incident to ownership and the right of the possession was at issue in that case. Plaintiffs have had their day in court in respect thereto.

Now, by independent action, an effort is made to have another Superior Court judge to review the findings and conclusions of the two judges who heard the motions in the original action in a further effort to prevent the execution of the judgment decreed therein. The plaintiffs may not be permitted to so delay the enforcement of a judgment in an action in which they were parties and by which they are bound. Even if it be conceded that they may seek, in an independent action, injunctive relief against the issuance or the service of the writ of assistance, the matters at issue in that respect have already been adjudicated. It is well established in this jurisdiction that one Superior Court judge may not review the judgment of another Superior Court judge or restrain him from proceeding in a cause in which he has full jurisdiction. *Mitchell v. Talley,* 182 N. C., 683, 109 S. E., 882; *Caldwell v. Caldwell,* 189 N. C.,

805, 128 S. E., 329; *Dockery v. Fairbanks,* 172 N. C., 529, 90 S. E., 501; *Broadhurst v. Drainage Comrs.,* 195 N. C., 439, 142 S. E., 477; *Price v. Ins. Co.,* 201 N. C., 376, 160 S. E., 367; *Newton & Co. v. Mfg. Co.,* 206 N. C., 533, 174 S. E., 449.

The court, on motion in the cause and after notice, may stay or recall an execution. *Greenlee v. McDowell,* 39 N. C., 481; *Williams v. Dunn,* 158 N. C., 399, 74 S. E., 99; *Aldridge v. Loftin,* 104 N. C., 122; *Beckwith v. Mining Co.,* 87 N. C., 155; *Faison v. McIlwaine,* 72 N. C., 312; *Foard v. Alexander,* 64 N. C., 69. A writ of assistance is in the nature of an execution. The motion in the cause to enjoin or stay its issuance, the method first adopted by plaintiffs, was their proper remedy.

Furthermore, in their petition and motion for injunctive relief, whether we consider that it was made in one or both of the pending actions, reference is made to the Land Bank judgment thereby incorporating the same in the motion. Therefore, a consideration of the record leads us to the conclusion that the plaintiffs have failed to establish, in this action, any right to injunctive relief.

The court below has not undertaken to determine, as these plaintiffs assert, the merits of the plaintiffs' cause of action in which they claim the ownership of the mineral rights in the tract of land in question. They are at liberty to pursue this action to its final determination. In the meantime, they must surrender possession of the premises in accord with the former opinion and writ of assistance issued pursuant thereto.

Whether plaintiffs are entitled to such right of ingress and egress, etc., as may be necessary to enable them to make use of the mineral rights they claim to own is not adequately presented.

The judgment below is
Affirmed.