RUTH J. NEIGHBORS v. HOWARD S. NEIGHBORS.

(Filed 19 November, 1952.)

**1. Courts § 5—**

No appeal lies from one Superior Court Judge to another, and ordinarily one Superior Court Judge may not modify, overrule, or change the judgment of another Superior Court Judge previously made in the same action.

**2. Same: Divorce and Alimony § 20½—**

While provisions of a decree awarding custody of the minor children of the marriage is subject to modification upon a change of circumstances affecting the welfare of the children, where there had been no such change, another Superior Court Judge may not modify the provisions of the decree theretofore entered in the cause.

APPEAL by defendant from *Sharp, Special Judge,* August 1952 Special Term, JOHNSTON.

Civil action for divorce from bed and board and for support, maintenance and custody of children.

The action was commenced by the issuance of summons on 27 October, 1950. Plaintiff filed a complaint alleging as her cause of action that the defendant had violated the provisions of G.S. 50-7, and asking for custody of the children of the marriage. The defendant answered denying generally the basic allegations upon which plaintiff's cause of action was laid and requested that he be awarded the custody of the children. Four children were born of the marriage, one of which was over 18 years of age at the time the suit was instituted and another has reached the age of 18 years since that time, so that the custody of only two children is involved in this appeal.

The cause first came on for hearing before Judge W. H. S. Burgwyn, who made an order on 16 January, 1951, requiring the defendant to

make certain payments for the support and maintenance of the three children who were then under 18 years of age and dividing the custody of said children between the litigants.

The matter came on again for hearing at the June Term, 1952, before Judge W. C. Harris, who, upon a proper showing that since the order of Judge Burgwyn the plaintiff had established a residence in the State of Florida, thereby creating a substantial change in the conditions affecting the welfare of said children, signed an order in which it was ordered and adjudged "that the said children shall remain within the State of North Carolina in the custody of the defendant until such time as the plaintiff returns to North Carolina and makes her home within the State of North Carolina, and the plaintiff is hereby ordered and directed not to remove or take said children outside the boundaries of the State of North Carolina so long as she continues to reside and make her home in Florida or at any other place outside North Carolina." To this order, there was no exception made and from it, no appeal taken.

Thereafter, on 29 August, 1952, the plaintiff filed a motion requesting "that the Order made in this cause at the June 1952 Term of this Court be modified to the extent that plaintiff may be permitted to have custody of her children at her home in the State of Florida upon such terms and conditions as the Court may direct." It is admitted in plaintiff's brief that in said motion "there was no allegation that there were any changes in the conditions affecting the welfare of the children which had occurred since Judge Harris' order was entered in June."

Plaintiff's motion was heard at the August 1952 Special Term by Judge Susie Sharp, who made and entered an order, the pertinent part of which is as follows: "It is therefore ordered, adjudged and decreed that the plaintiff, Mrs. Ruth J. Neighbors, be, and she is hereby given custody of the said minor children, Jenny Lynn Neighbors and Howard S. Neighbors, Jr., and is permitted to remove them to the State of Florida; . . ." This order provided that the plaintiff execute a bond in the sum of $3,000 conditioned that "she shall be and remain amenable to the further orders of the Court in this matter and that she shall produce the said children in Court in North Carolina upon the order of the Court."

From the order of Judge Sharp the defendant excepted and appealed, assigning error.

*J. R. Barefoot for plaintiff, appellee.*
*Wellons, Martin & Wellons for defendant, appellant.*

VALENTINE, J. It is well established in this jurisdiction that no appeal lies from one Superior Court judge to another. *Phillips v. Ray,* 190 N.C. 152, 129 S.E. 177; *Wellons v. Lassiter,* 200 N.C. 474, 157 S.E.

434; *Revis v. Ramsey,* 202 N.C. 815, 164 S.E. 358; *S. v. Lea,* 203 N.C. 316, 166 S.E. 292; *S. v. Oil Co.,* 205 N.C. 123, 170 S.E. 134; *Fertilizer Co. v. Hardee,* 211 N.C. 56, 188 S.E. 623; *Dail v. Hawkins,* 211 N.C. 283, 189 S.E. 774. Nor, does one Superior Court judge have the power to overrule or reverse the judgment of another Superior Court judge previously made in the same action, except in certain well-defined cases. *Roulhac v. Brown,* 87 N.C. 1; *Henry v. Hilliard,* 120 N.C. 479, 27 S.E. 130; *Price v. Insurance Co.,* 201 N.C. 376, 160 S.E. 367; *Newton v. Mfg. Co.,* 206 N.C. 533, 174 S.E. 449; *Davis v. Land Bank,* 217 N.C. 145, 7 S.E. 2d 373; *In re Adams,* 218 N.C. 379, 11 S.E. 2d 163; *Bank v. Daniel,* 218 N.C. 710, 12 S.E. 2d 224.

One of the exceptions to this rule is a decree awarding the custody of minor children. Such a decree determines only the present rights with respect to such custody and is subject to judicial alteration or modification upon a change of circumstances affecting the welfare of the children. *In re Means,* 176 N.C. 307, 97 S.E. 39; *Hardee v. Mitchell,* 230 N.C. 40, 51 S.E. 2d 884.

Plaintiff's brief admits that there is no allegation of a change of circumstances adversely affecting the welfare of the children involved in this litigation since the order of Judge Harris. It appears that the facts justify and the record supports that admission. It is true the defendant has suffered a heart attack, but this occurred on 11 February, 1952, which was prior to the order of Judge Harris. The defendant's physical condition was evident at the time that order was entered and the only change since that time has been an improvement.

There appear no grounds sufficient to justify the order appealed from and for that reason the same must be

Reversed.