IREDELL TAYLOR DAVIS v. N. B. JENKINS AND WIFE, SARAH F. JEN-
    KINS, BERTRAM W. JENKINS AND WIFE, LOUISE T. JENKINS, SADIE
    JENKINS HARMON AND HUSBAND, J. OBIE HARMON.

(Filed 24 February, 1954.)

**Courts § 5: Trial § 51—**

> Where plaintiff fails to prosecute her appeal from judgment against her,
> and her application for writ of *certiorari* has been denied, litigation in-
> volved in the action is at an end, and her motion thereafter made in the
> Superior Court to set aside the judgment and grant a new trial is properly
> denied, since one Superior Court judge may not modify, reverse or set
> aside judgment of another Superior Court judge.

APPEAL by plaintiff from *Bone, J.,* October Term, 1953, of NASH.

This is a civil action instituted on 12 January, 1950, by the plaintiff, a
daughter of Elias T. Taylor, deceased, to set aside a deed made to the
defendants pursuant to a sale of the real estate described in plaintiff's
complaint. The land described belonged to the estate of the decedent and
was sold on 20 March, 1933, pursuant to a petition filed by his adminis-
trator to create assets to pay debts.

The case was called for trial at the April Term, 1952, of the Superior
Court of Nash County. At the conclusion of plaintiff's evidence, defend-
ants' motion for judgment as of nonsuit was allowed, and from judgment
dismissing the action the plaintiff appealed to the Supreme Court. This
Court reversed the ruling below and remanded the cause for further hear-
ing in an opinion reported in 236 N.C. 283, 72 S.E. 2d 673. A petition
to rehear filed by the defendants was "allowed only for the purpose of
amplification of the order remanding the cause for further proceeding."
The amplification appears in 236 N.C. 767, 73 S.E. 2d 780.

The case was again tried at the April Term, 1953, of the Superior
Court of Nash County before his Honor, Joseph W. Parker, Judge Pre-
siding, and a jury. The jury in answering the issues submitted found
that the fair market value of the entire tract of land described in the
complaint, at the time of the sale in 1933, was only $450.00, and that the
value of the provable debts against the estate of Elias T. Taylor was
$1,800.00. From the judgment entered on the verdict the plaintiff gave
notice of appeal. The case on appeal was never perfected and docketed
in the Supreme Court.

The defendants, through their counsel filed a motion in the office of the
Clerk of the Supreme Court on 19 August, 1953, to docket and dismiss the
appeal under Rule 17 for failure on the part of the plaintiff to comply
with Rule 5 of the Rules of Practice in the Supreme Court, 221 N.C. 546.

On 1 September, 1953, the plaintiff filed with the Clerk of this Court an application for a writ of *certiorari* and motion to dismiss the defendants' motion to docket and dismiss the appeal.

The application for writ of *certiorari* was denied and the motion to docket and dismiss the appeal allowed on 8 September, 1953.

Thereafter, the plaintiff filed a motion in the Superior Court of Nash County to set aside the judgment entered at the April Term, 1953, of the Superior Court of Nash County, and to grant the plaintiff a new trial.

The above motion was heard and denied at the October Term, 1953, of the Superior Court of Nash County. The plaintiff appeals, assigning error.

*P. H. Bell and F. T. Hall for appellant.*
*Thorp & Thorp and Valentine & Valentine for appellees.*

DENNY, J. The ruling of the court below was correct. The plaintiff's exclusive remedy with respect to the judgment entered at the April Term, 1953, of the Superior Court of Nash County, was by appeal. Having failed to perfect her appeal in the manner required by the rules of this Court, and her application for writ of *certiorari* having been denied, the litigation involved in the action was at an end. In such cases, a judgment entered by one judge of the Superior Court may not be modified, reversed or set aside by another Superior Court judge. *Neighbors v. Neighbors,* 236 N.C. 531, 73 S.E. 2d 153; *Davis v. Land Bank,* 217 N.C. 145, 7 S.E. 2d 373; *Newton v. Mfg. Co.,* 206 N.C. 533, 174 S.E. 449; *Price v. Insurance Co.,* 201 N.C. 376, 160 S.E. 367.

The judgment entered below is
Affirmed.