VIRGINIA N. NOWELL v. J. WALTER NEAL AND ALFRED HAMILTON.

(Filed 25 February, 1959.)

**1. Trial § 31e—**

     The expression of an opinion by the trial court on an issue of fact to be submitted to a jury is prohibited by statute and is legal error.

**2. Judgments § 27c—**

     The sole remedy against an erroneous judgment is by appeal, and an expression of opinion by the trial court on the evidence is error of law within this rule. G.S. 1-277.

**3. Appeal and Error § 52—**

     Petition to rehear is the sole method of obtaining redress from error in a decision of the Supreme Court.

**4. Injunctions § 11—**

     Finding that plaintiff had repeatedly instituted actions on the same cause of action against the same defendants for the purpose of harassment supports an order enjoining plaintiff from thereafter instituting additional actions on the same causes, the order relating only to actions subsequently instituted and to causes which had been determined by final judgment.

**5. Same—**

     The remedy of a bill of peace to prevent vexatious litigation may be invoked in pending litigation.

**6. Appeal and Error § 49—**
    Findings of fact made by the trial court from conflicting evidence are binding on appeal.

APPEAL by plaintiff movant from *Seawell, J.,* March 1958 Civil Term of WAKE, docketed and argued as No. 449 at the Fall Term 1958.

Plaintiff was in 1951 a patient of defendants. They operated on her in May of that year. In April 1953 she instituted suit against them in the Superior Court of Wake County to recover damages alleged to have resulted from the operation and defendants' failure to properly perform their obligations as physicians and surgeons. The cause was tried at the May 1955 Term of Wake Superior Court. During the trial plaintiff submitted to a voluntary nonsuit as to defendant Hamilton. The cause was submitted to a jury on appropriate issues as to defendant Neal. The jury answered the issue relating to the asserted tortious conduct of defendant Neal in his favor. Plaintiff gave notice of appeal and was allowed ninety days to serve her statement of case on appeal. The case on appeal was settled by agreement of counsel for plaintiff, counsel for defendant, and docketed here in due time. Extensive briefs were filed by counsel for their respective clients. The judgment challenged by the appeal was affirmed in an opinion filed 23 November 1955. See 243 N.C. 175. No petition to rehear was filed.

On 11 April 1957 plaintiff "acting as her own attorney" filed in the Superior Court of Wake County a motion "to set aside the verdict and reopen the above entitled action for a new trial for the following reasons:"

The reasons assigned are partiality on the part of the presiding judge to defendant as indicated by the manner in which he reviewed the evidence and stated the contentions of the parties.

On 23 April 1957 defendants filed answer to plaintiff's motion. They denied her right to reopen and sought affirmative relief based on the assertion that plaintiff was merely seeking to vilify and harass defendants by multitudinous actions and motions involving the identical issue presented and decided in 1955. They prayed for an order "restraining and enjoining plaintiff from the institution of any further legal actions or motions related to, connected with or arising out of the May 1955 Trial of this action."

On 29 April 1957 plaintiff replied to the answer and motion. She reaffirmed her assertion that the trial judge had, in May 1955, violated the provisions of G.S. 1-180. She denied any improper motive on her part and asserted that the pamphlets and circulars published by her

and the actions instituted by her were intended solely to obtain redress for the wrongs done her.

At the request of defendants the motions of plaintiff and defendants were heard at the March 1958 Term of Wake. Judge Seawell rendered judgment denying plaintiff's motion to set aside the judgment and verdict rendered at the May Term 1955.

At the same time he heard defendants' motion for injunctive relief and motions by plaintiff and defendants in other actions based on the operations performed and asserted failure to perform the duties imposed by the relationship of patient and physician.

On the motion for injunctive relief the court made an order which recites: "From the records of this Court, and the admission of the plaintiff at the hearing, the Court finds the following facts:" Summarized, the facts found are: (1) A brief review of the action begun in 1953 culminating in the decision of this Court, reported 243 N.C. 175, and plaintiff's failure to pay the costs as adjudged in that action; (2) Legal actions taken by plaintiff since 1955 consisting of (a) institution of an action against Drs. Neal and Hamilton based on the operation performed in 1951 and in substance the same action terminated adversely to plaintiff as noted above, (b) an action against Dr. Hamilton for damages resulting from the operation of May 1951 and asserted subsequent neglect of his patient. (The court noted that each of those actions were at that time dismissed for the reasons assigned in the judgments rendered in those actions. Appeals in those actions are the subject of separate opinions by the Court.) (c) an action against Drs. Neal and Sinclair on account of an operation performed in August 1951 and made necessary by the operation of May 1951. "This action was tried over a period of ten days at the November Civil Term of 1956 of this Court, following which judgment was rendered in favor of the defendants and the costs taxed against plaintiff, from which no appeal was taken. The costs in said action amounting to $402.50 have not been paid." (d) "In April, 1956, plaintiff instituted an action in Durham County Superior Court by issuing summons against these defendants, six other Raleigh physicians who had been connected with the aforesaid 1951 operation and 1955 trial, and Rex Hospital; after this action was ordered removed to Wake County for trial, plaintiff filed in May, 1956, a complaint against these same defendants and Dr. Clarence Gardner, a Durham physician who had been a witness in the May 1955 trial; said defendant Gardner filed a demurrer to said action, which demurrer was upon hearing at the September 1956 Civil Term of the Durham County Superior Court sustained and said action dismissed. Thereafter, on September 21,

1956, plaintiff instituted in Durham Superior Court a third action against these same parties defendant; again the defendant Gardner demurred to this complaint and such demurrer was sustained, after hearing at the March 1957 Civil Term of the Durham Superior Court. Thereafter, plaintiff filed an amended complaint against these same parties defendant and this action is now pending in Durham County Superior Court and is to be heard initially upon demurrer." (e) "On January 7, 1957, the plaintiff swore out warrants in the City Court of Raleigh charging that in the trial of her action against these defendants in May, 1955, one of her medical witnesses (Dr. Senter) and one of the medical witnesses offered by defendants (Dr. Worth) had given perjured testimony. Upon hearing of these charges in the City Court of Raleigh, the Court entered a finding of no probable cause and dismissed the charges." (3) "The plaintiff has, by her own admission, distributed thousands of letters, pamphlets and other communications throughout the county, state and elsewhere, relating to her operation in 1951 and to the trial of this action in 1955; this literature has attacked and impugned the character and integrity of the defendants herein, the Presiding Judge at the 1955 trial, and various medical witnesses appearing in the trials above referred to."

"It is the opinion of the Court that the plaintiff has exhibited and demonstrated an intention and desire to harass the defendants and other physicians who appeared as witnesses in said trials by vexatious litigation and legal proceedings in connection with the matters and things involved in this cause and matters and things arising out of the trial of this action in May, 1955, to an extent which exceeds the rightful and proper use of the courts and the proper administration of justice.

"That the institution of further legal actions by plaintiff pertaining to these same matters will cause undue expense, inconvenience, embarrassment and harassment to these defendants and to the other persons who appeared as witnesses in the aforesaid actions, and such further actions by plaintiff will result in an unwarranted abuse of court process and will unduly clutter and obstruct the trial docket of this Court, and will cause unwarranted expense to the County.

"That it is contrary to the proper and orderly administration of justice for this Court to be used as a mere forum for the utterance of personal views and prejudices or for the conduct of personal propaganda campaigns.

"The Court is further of the opinion that the plaintiff has heretofore been granted wide and unusual latitude in the presenting and trial of her alleged causes of action and has had complete opportunity

to litigate the causes of action which may have arisen out of the aforesaid operation of May, 1951, the medical treatment connected therewith and the trial of this action in May, 1956."

Based on the findings made the court ordered: "That plaintiff be, and she is hereby permanently enjoined and restrained from the institution of any other or further legal actions or proceedings which are related to, connected with, or arise out of the following matters and things:

"(a) An operation performed on plaintiff by these defendants in May, 1951;

"(b) Medical treatment of plaintiff by these defendants prior to and following said operation in May, 1951;

"(c) The trial in May, 1955, of an action against these defendants.

"This injunction shall not be deemed to apply to or affect any legal actions heretofore instituted by the plaintiff."

Plaintiff excepted to the judgment and order and appealed.

Virginia N. Nowell *in propria persona.*

*Smith, Leach, Anderson & Dorsett and Howard E. Manning for defendant appellees.*

Rodman, J.   Plaintiff took no exceptions to the findings of fact. Her sole assignment of error reads:

"The plaintiff excepted to and assigns as error THE JUDGMENT AND THE SIGNING THEREOF; THE ORDER AND THE SIGNING THEREOF."

This assignment raises only these questions: (1) Did the judge err in refusing to set aside the verdict rendered at the May 1955 Term and the judgment based thereon which had been affirmed by this Court; and (2) Do the facts found by the court support the order entered?

The basic reason underlying plaintiff's motion for a new trial on the issues raised at the trial had at the May 1955 Term is the asserted expression of opinion by the trial judge adversely to plaintiff in violation of our statute, G.S. 1-180. She contends that the court in various ways improperly influenced the jury to answer the crucial issue against her.

The law imposes on the trial judge the duty of absolute impartiality. The expression of an opinion by the trial court on an issue of fact to be submitted to a jury, being prohibited by statute, is a legal error. *S. v. Swaringen,* 249 N.C. 38; *In re Will of Holcomb,* 244 N.C. 391, 93

S.E. 2d 454; *Adams v. Service Co.,* 237 N.C. 136, 74 S.E. 2d 332; *S. v. Owenby,* 226 N.C. 521, 39 S.E. 2d 378.

The proper method for obtaining relief from legal errors is by appeal, G.S. 1-277, and not by application to another Superior Court. "In such cases, a judgment entered by one judge of the Superior Court may not be modified, reversed or set aside by another Superior Court judge." *Davis v. Jenkins,* 239 N.C. 533, 80 S.E. 2d 257; *Rawls v. Mayo,* 163 N.C. 177, 79 S.E. 298.

That appeal is the proper method of correcting the asserted errors was recognized by plaintiff and her attorneys on the prior appeal. Reference to the record and briefs on that appeal shows 76 assignments of error, 42 of which are to the charge of the court. The 71st assignment of error then urged for a new trial reads: "For that the court instructed the jury in a manner that was highly prejudicial to plaintiff." Other exceptions point to specific parts of the charge which plaintiff then said and now repeats demonstrated a violation of G.S. 1-180. Approximately ten pages of plaintiff's brief on the prior appeal are devoted to this question. The brief then filed by her stated: "Every charge by the Court in this group - (enumerated assignments of error) demonstrates the partiality of the Court in favor of the defendant and this partiality could not have escaped the notice of the jury."

This Court said: "Careful consideration of plaintiff's assignments of error brought forward and argued in the brief filed in her behalf discloses no error of law deemed of sufficient prejudicial effect to warrant a new trial."

No petition to rehear was filed. That is the appropriate method of obtaining redress from errors committed by this Court. Rule 44 prescribes the procedure for the correction of errors made by this Court. *Robinson v. McAlhaney,* 216 N.C. 674, 6 S.E. 2d 517; *Strunks v. Southern Ry.,* 188 N.C. 567, 125 S.E. 182.

The court correctly denied plaintiff's motion to set aside the verdict and direct a new trial.

Did the court err by enjoining plaintiff from instituting new actions limited to the class enumerated in the order? Based on the findings made, we are of the opinion that sound public policy requires a negative answer and an affirmance of the order.

It is to be noted that the order does not apply to actions then pending but relates only to actions subsequently instituted. It is limited to causes of action in tort which arose more than seven years ago, causes of action long since barred by the statutes of limitations, G.S. 1-52(1)(5), G.S. 1-54, and to an action which, as to the defendant

Neal, was disposed of on its merits more than three years ago and which can by him be pleaded as *res judicata* and as to the defendant Hamilton voluntarily dismissed by plaintiff without any right now to institute a new action. G.S. 1-25.

The order based on the facts found is supported by what this Court has previously said in a factually similar case, *Moore v. Harkins,* 179 N.C. 167, 101 S.E. 564. The Court there said: "We are of opinion that the action of his Honor in enjoining the plaintiff from prosecuting further actions on the same cause of action was warranted by the facts. The remedy of a bill of peace to prevent vexatious litigation was well known at the common law. As a rule the remedy has not been sought very often in this State, but the right to ask for it is well established, and it may be invoked in the pending action, and a new action for that purpose is not necessary under our method of procedure. *Featherstone v. Carr,* 132 N.C. 800.

"At common law the remedy was affirmed by a bill in equity enjoining the plaintiff from proceeding in the law courts. One of the earliest cases in which a bill of peace was sought is reported in *Selden's cases,* in Chancery, 18. In this State the distinctions between law and equity procedure have been abolished, but the principles of both remain, and equitable relief may be sought in the same action in which the demand at law is sought to be enforced."

Petitions to rehear were filed. *Clark, C.J.,* in denying the petition, said: "*Interest republicae ut sit finis litium.* When a party, by reason of a nonsuit or otherwise, renews his action on the same ground again and again, before a magistrate, or before the Superior Court, the courts will prevent a defendant (who has some rights) being oppressed or annoyed by vexatious litigation, and will restrain the persistent plaintiff from bringing further action by a bill of peace. Certainly the courts should not permit a party to renew his litigation by petition to rehear unless the petition is well founded, and when it has once decided that it is not, it cannot be again presented by a second, or in this case a third, application to rehear."

The doctrine declared in *Moore v. Harkins* has been recognized and applied to prevent vexatious litigation and to effectively apply the principle of *res judicata* expressed in the phrase "Nemo debet bis vexari pro una et eadam causa." *Favorite v. Railway,* 91 N.W. 2d 459; *Bridgeport Hydraulic Co. v. Pearson,* 91 A 2d 778; *Renfroe v. Johnson,* 177 S.W. 2d 600; *Odom v. Langston,* 205 S.W. 2d 518; *Haskell Nat. Bank v. Ferguson,* 155 S.W. 2d 427; *Ackerman v. Kaufman,* 15 P. 2d 966; *Steinberg v. McKay,* 3 N.E. 2d 23; *Fretwell v. Gillette Safety Razor Co.,* 106 F 2d 728; *Burrough of Milltown v.*

*City of New Brunswick*, 46 A 2d 562; *Mendel v. Berwyn Estates*, 156 A 324; 28 Am. Jur. pp. 246, 249, 250; 43 C.J.S. 479.

Plaintiff failed to except to the findings of fact made by the court. Notwithstanding this failure on her part, she insists in her brief that the facts found are based on false and perjured testimony. When the court is confronted with conflicting testimony, it should, if possible, harmonize and reconcile the differences; but if that is not possible, it must determine which of the witnesses it will believe; and when the court has found the facts from the conflicting testimony, the findings so made are binding on us.

Affirmed.