STATE v. STANLY FULFORD AND JACOB McCLOUD.

(Decided February 28, 1899.)

*Larceny—Indictment—Judge's Charge.*

1. On the trial of an indictment—*e grege*, for larceny—it is the duty of the Judge, while leaving the weight of the evidence to be determined by the jury, to declare and explain the principles of law and the essential constituents of the offence charged.   The Code, Section 413.

2. Where an exception presents only one proposition of law applicable to the whole charge, it is not obnoxious to the ground of being a " broadside exception."—*State* v. *Webster*, 121 N. C., 587.

THE DEFENDANTS were indicted for larceny of a sheep, the property of a person to the jury unknown, with a count for receiving—tried before *Hoke, J.,* at Fall Term, 1898, of the Superior Court of HYDE County.   There was no evidence of ownership, and the evidence of asportation was inferential.

The State witness as to the occurrence was Sam Credle, who testified:   I was going home one Friday night in July, 1898, about 9 o'clock, and saw two men with a sheep near an old house.   They started to run.   I told them there was no need to run, that I knew who they were.   One was Jacob McCloud and the other one I took to be Stanly Fulford; I think it was Stanly Fulford.   I don't know what they did with the sheep ; and while I am not certain it was Stanly Ful-

ford, it looked like him, and that is my best impression now. I don't know whose sheep it was—it was a white sheep. It was a misty night, and I could not see the parties plainly. The place was on the Lake road, near an old house, where Jacob used to live. Jacob came to me and asked me to say nothing about it, and I told him I would not unless I was forced to. Stanly Fulford came to me afterwards in the cotton field, and said, I hear you have been talking about my stealing of the sheep, and asked me for God's sake not to say anything about it, for it would ruin him if I did. He saw me twice about it.

His Honor's charge appears in the opinion. The defendants excepted to the instruction of the Court as given.

Verdict guilty. Judgment of imprisonment in the penitentiary for the term of one year.

Defendants appealed.

*Mr. Zeb. V. Walser*, Attorney General, for the State.
No counsel *contra*.

Douglas, J. The defendants were convicted of the larceny of a sheep. Upon the close of the evidence they requested the Court to instruct the jury that the evidence submitted by the State was not sufficient to justify a verdict of guilty, and that upon the whole evidence they should return a verdict of not guilty. The Court refused to charge as requested and instructed the jury that "It was a question of fact for them to consider, and that if upon considering the whole evidence, both for the State and for the defendants, they were satisfied beyond a reasonable doubt that defendants were guilty of the larceny of the sheep as charged in the bill of indictment, they should convict the defendants; and if they were not so satisfied beyond a reasonable doubt of the guilt of the defendants, they should acquit them."

The defendants excepted to the instruction of the Court as given, and to its refusal to instruct the jury as requested.

The latter exception can not be sustained as there was some evidence, however slight, yet more than a mere scintilla, *tending* to prove the offence. The weight of that evidence the jury alone can determine, but in its consideration they should be aided and directed by correct principles of law to be laid down by the Court. The entire charge seems to have been given, and we presume that the exception of the defendants "to the instruction of the Court as given" refers to the want of instruction, as the charge is unobjectionable as far as it went. This exception is not obnoxious to the ground of being a "broad-side exception" because it presents only one proposition of law, applicable to the whole charge. *State v. Webster*, 121 N. C., 587.

We think, however, that the charge of his Honor was insufficient, inasmuch as it failed to explain the nature of the crime with which the defendants were charged. We are not inadvertent to the long line of uniform decisions to the effect that, in the absence of any request for special instructions, no exception can be maintained to the failure of the Court to charge as to the particular phases of the case; but this rule does not exclude the duty of the Court, at least in criminal cases, to charge the jury as to the nature of the offence and the general principles of law essential to their verdict. For instance, the crime of larceny is never complete without some asportation. *State v. Butler*, 65 N. C., 309; *State v. Jones, Ibid*, 395; *State v. Alexander*, 74 N. C., 232; *State v. Perkins*, 104 N. C., 710.

This question was of particular importance under the circumstances of the case at bar, where there was no direct evidence of asportation and none whatever as to the ownership of the sheep. The jury might have inferred asportation

from the evidence, but they must understand its nature before they can infer its existence.

It is needless to review the different decisions upon this subject, as each case necessarily depends upon its own peculiar circumstances. But we think that Section 413 of The Code requires the Court to give to the jury such instructions as will enable them to understand the nature of the crime and properly determine each material fact upon which may depend the guilt or innocence of the accused.

Where it appears from the record that the failure to give such instructions could not possibly have prejudiced the accused, the omission might be such harmless error as would not vitiate the verdict; but in the case at bar the evident possibility of injury entitles the defendants to a new trial.

New trial.