## STATE v. ROY McCANLESS.

(Filed 9 November, 1921.)  ·

**Appeal and Error—Objections and Exceptions—Evidence—Self-serving Declarations—Corroborative Evidence.**

Upon the trial for larceny of an automobile, a question as to whether the defendant told the deputy sheriff at the time of the arrest that he had bought the car from a certain person is objectionable as tending to draw out a self-serving declaration, and should it thereafter have been competent in corroboration of other evidence, it should have been asked again at the later time; and further, an exception to its exclusion is not available on appeal when it does not appear of record what the answer would have been.

APPEAL by defendant from *Webb, J.,* at the May Term, 1921, of ROCKINGHAM.

Criminal action.   The indictment is for larceny of an automobile with a count for receiving same knowing it to have been stolen.   Defendant was convicted, and from judgment on the verdict appealed.

*Attorney-General Manning and Assistant Attorney-General Nash for the State.*
*Glidewell & Mayberry for defendant.*

HOKE, J.   We have given the cause most careful consideration and find no reversible error in the record.   There was ample evidence for the State to carry the case to the jury, and the issue was submitted in a comprehensive charge by his Honor in which every position favoring the defendant, and arising on the testimony, was sufficiently and fairly presented.

The objections to the rulings of the court on questions of evidence are without merit.   The only one at all debatable—the refusal to allow the deputy sheriff, Hobbs, to answer the question whether, when arrested, the defendant did not say he had bought the car from Percy Newman at the time asked—was incompetent as tending to draw out a self-serving declaration, and if it became so later in corroboration of defendant's direct testimony, it was not again offered.   And in any event the exception is not available, as the record does not disclose what answer the witness Hobbs would have made.

There is no error, and the judgment below is affirmed.

No error.