STATE v. LOUIS ANTHONY LOGNER, Defendant.

(Filed 1 March, 1967.)

**1. Criminal Law § 71—**

   The intoxication of a defendant at the time of making incriminating statements does not render the statements incompetent when the trial court finds, upon supporting evidence, that at the time defendant was not intoxicated to such an extent as to render his statements involuntary.

**2. Criminal Law § 107—**

   Ordinarily, the trial court is required to instruct the jury as to all essential elements of the offense charged and place the burden upon the State to prove each of such elements, and whether a deficiency in this respect is sufficient ground for a new trial must be determined in relation to the circumstances of each case.

**3. Same—**

The court's instructions to the jury made the question of guilt dependent upon whether defendant made incriminating statements attributed to him and whether he made such statements freely and voluntarily, but no where did the court charge the elements of the offenses or that the burden was on the State to satisfy the jury from the evidence beyond a reasonable doubt that defendant committed the acts constituting the offenses charged. *Held:* The failure of the court to define the offenses and properly place the burden of proof is prejudicial error.

**4. Criminal Law § 71—**

It is error for the trial court to charge the jury that the court had found that the incriminating statements attributed to defendant were freely and voluntarily made.

APPEAL by defendant from *Burgwyn, E.J.,* April 18, 1966, Regular Criminal Session of DURHAM, docketed and argued as No. 747 at Fall Term 1966.

Criminal prosecution on a two-count bill of indictment charging defendant (1) with feloniously breaking and entering a building (dwelling) occupied by one George G. Johnson, and (2) with the larceny of personal property of said George G. Johnson, to wit, a safe and contents, of the value of $250.00.

Evidence was offered by the State and by defendant.

The State offered the testimony of George G. Johnson tending to show that someone had cut the window screen and, through the window, had entered his dwelling at 2412 Indian Trail, Durham, N. C., and had taken and carried away from said dwelling his "small iron safe, about 2½ feet high, and about twenty-one (21) inches deep," the value of the safe and its contents being "around Two Hundred and some dollars"; and that, shortly after his return on Monday, November 9, 1964, from a week-end trip, he discovered his dwelling had been broken into and entered and the safe stolen.

Defendant was placed under arrest about 11:30 a.m. on November 18, 1964, by Detectives R. G. Morris and J. S. Hatley of the Durham Police Department, for operating a car while under the influence of intoxicating liquor.

The State proffered the testimony of Morris and Hatley as to incriminating statements of defendant after his arrest and while in their custody. Upon objection by defendant, the court conducted a hearing in the absence of the jury to determine the admissibility of the proffered testimony. The evidence at such hearing consisted of testimony as to the manner and extent defendant was advised as to his constitutional rights and as to the extent of defendant's intoxication at the time he was so advised and at the time he made the incriminating statements attributed to him. At the conclusion of such hear-

ing, the presiding judge, in the absence of the jury, made findings of fact to the effect defendant had been properly advised as to his constitutional rights and that defendant was not intoxicated to such extent as to render his incriminating statements involuntary.

Defendant's objections having been overruled, Morris and Hatley testified as to statements made by defendant with reference to the Johnson and other "safe jobs." According to their testimony: Defendant stated he had broken into and entered the Johnson dwelling; that he had taken and carried away the safe and its contents; and that, with the assistance of one or more other persons, he had "carried the safe to a wooded area off 70 East and busted it open." They testified that defendant, about 2:30 or 3:00 p.m. on November 18th, accompanied and directed them to the place where the abandoned safe was found.

Evidence offered by defendant tended to show that, at the time of his arrest and thereafter on November 18th, he was intoxicated to such extent he was not aware of being advised by the detectives as to his constitutional rights; that he did not consciously and voluntarily make any statement with reference to the Johnson case; that he did not know where Johnson lived and had not seen the safe referred to as the Johnson safe until it was exhibited at a former trial; and that if he made any of the incriminating statements attributed to him by said detectives, such statements were not in fact true.

The jury returned a verdict of "guilty as charged," and the court pronounced judgment imposing a prison sentence of not less than five nor more than seven years. Defendant excepted to said judgment and appealed.

*Attorney General Bruton and Staff Attorney Vanore for the State.*
*Wade H. Penny, Jr., for defendant appellant.*

BOBBITT, J.  Defendant assigns as error the admission, over his objections, of the officers' testimony as to incriminating statements made by defendant.

According to the State's evidence, defendant, after his arrest on November 18, 1964, and while in the custody of Detectives Morris and Hatley, made incriminating statements relating both to the safe of McCracken Oil Company of Oxford, N.C., and to the safe of George Johnson. Defendant was tried at July 28, 1965 Special Criminal Session of Durham upon an indictment charging safe-cracking and safe robbery in connection with the McCracken Oil Company safe. He was found guilty as charged and Judge Bickett, who presided at the trial, pronounced judgment imposing a prison

sentence. Upon defendant's appeal, this Court found "no error." *S. v. Logner,* 266 N.C. 238, 145 S.E. 2d 867.

The record on appeal in said prior prosecution, as appears from the preliminary statement and opinion of Sharp, J., shows that, in said trial before Judge Bickett, the testimony of Morris and Hatley was substantially the same as their testimony in the present case as to the conditions and circumstances under which defendant made the statements attributed to him; that defendant objected to their testimony on substantially the same grounds asserted herein; and that Judge Bickett, based on findings of fact made by him, overruled defendant's objections and admitted the testimony in evidence. This Court held the evidence presented at the *voir dire* hearing was sufficient to support Judge Bickett's findings and rulings. It has come to our attention that, in a *habeas corpus* proceeding in the United States District Court for the Middle District of North Carolina, District Judge Gordon, after conducting a plenary hearing, reached the opposite conclusion and ordered the discharge of defendant unless the State retried him within six months. *Logner v. State of North Carolina,* 260 F. Supp. 970. While we regret this conflict, we adhere to the views expressed by Sharp, J., in *S. v. Logner, supra,* and for the reasons there stated we approve Judge Burgwyn's findings and rulings.

However, for reasons stated below, we are constrained to hold defendant is entitled to a new trial.

Defendant contends, based on sufficient exceptions and assignments of error, that the court did not declare and explain the law as to the elements of the criminal offenses charged in the bill of indictment. The judge instructed the jury in substance as follows: After reading the material portions of each count in the bill of indictment, proper instructions were given as to the presumption of innocence and as to the State's burden to establish guilt beyond a reasonable doubt. The court gave instructions as to the applicable law in determining the weight, if any, to be given the testimony relating to statements attributed to defendant. The court then reviewed the conflicting contentions as to whether defendant made the statements attributed to him by Morris and Hatley and as to the weight to be given the testimony relating to defendant's intoxication. According to the record, the court failed to define or otherwise explain the essential elements of the crimes charged in the bill of indictment or to state the facts the State was required to establish beyond a reasonable doubt to warrant verdicts of guilty.

The State must prove beyond a reasonable doubt every essential element of the crime charged, and it is incumbent upon the trial judge to so instruct the jury. *S. v. Cooper,* 256 N.C. 372, 124 S.E.

2d 91, and cases cited. An instruction as to the essential elements of the crime is a necessary part of such charge. Whether a deficiency in this respect is sufficient ground for a new trial must be determined in relation to the circumstances of each case. *S. v. Fulford,* 124 N.C. 798, 32 S.E. 377. In the present case, we are of the opinion, and so hold, that the failure of the court to give instructions as to the essential elements of the crimes charged and as to the facts the State was required to establish beyond a reasonable doubt to warrant verdicts of guilty constitutes prejudicial error.

The court's final instruction, to which defendant excepted, sufficiently indicates the error. The court's final instruction was as follows:

"If you are satisfied beyond a reasonable doubt that he made those statements as testified to by the officer, and that he did so freely and voluntarily, and that his mind was clear enough at least for him to know what he was talking about, you would find him guilty as charged in the bill on both counts. If you have a reasonable doubt about his having made any statements as testified to by the officers, you would find him not guilty or if you are satisfied beyond a reasonable doubt that he made the statements, and however, are not satisfied beyond a reasonable doubt that he knew and had enough mental acumen left in his mind to speak the truth about the matter and to know what he was talking about, you would find him not guilty."

In the quoted instruction, guilt is made to depend upon whether defendant made the statements attributed to him by Morris and Hatley and, if so, whether he made them (1) freely and voluntarily and (2) with knowledge of their truth or falsity, rather than upon whether defendant committed the crimes charged in the bill of indictment. We find no instruction charging in substance that, before the jury could return a verdict of guilty on the first count, the State must satisfy the jury from the evidence beyond a reasonable doubt that defendant broke into and entered the dwelling of George Johnson in early November 1964 with intent to commit the felony of larceny therein, or that, before the jury could return a verdict of guilty on the second count, the State must satisfy the jury beyond a reasonable doubt that defendant unlawfully took and carried away George Johnson's safe from said dwelling with the felonious intent of appropriating it to his own use and of depriving its true owner permanently of the use thereof.

While a new trial is awarded on the grounds stated above, it appears that the judge included in his instructions to the jury a statement that "the court has ruled that the confession or statement, if one was made by the defendant as testified to by the officers, was

freely and voluntarily made on his part without compulsion or duress and without reward, or hope of reward." Defendant's exception and assignment of error with reference to this excerpt from the charge are not brought forward in his brief. However, it seems appropriate to call attention to certain recent decisions of this Court. "If the judge determines the proffered testimony is admissible, the jury is recalled, the objection to the admission of the testimony is overruled, and the testimony is received in evidence for consideration by the jury." *S. v. Walker*, 266 N.C. 269, 145 S.E. 2d 833. It is error for the judge to instruct the jury that he has ruled or determined that the statements, if any, attributed to defendant, were made by defendant freely and voluntarily. *S. v. Barber*, 268 N.C. 509, 151 S.E. 2d 51.

For prejudicial error in the charge, defendant is awarded a new trial.

New trial.