STATE OF NORTH CAROLINA v. WILLIAM EVERETT PATTON, JR.

No. 6915SC204

(Filed 18 June 1969)

**1. Constitutional Law § 31; Criminal Law § 91— right of confrontation — continuance — absence of witness**

Where trial court denied defendant's motion for continuance based on the ground that a material witness had not been located, defendant was not deprived of the right of confrontation where he was allowed to introduce into evidence testimony of the witness taken at the previous trial, which testimony related to the same matter sought to be elicited at the present trial.

**2. Criminal Law § 91— continuance — absence of witness — requisites of affidavit**

Where application for continuance is made by reason of the expected absence of a witness, the application must state the name and residence of the witness, the facts expected to be proved by him, the grounds for the expectation of his nonattendance, and that the applicant expects to procure his evidence at or before some named subsequent term. G.S. 1-175(2), G.S. 1-176(2).

**3. Criminal Law § 91— motion for continuance — discretion of court**

Motion for a continuance is addressed to the discretion of the court and should not be disturbed absent a showing of an abuse of this discretion.

**4. Criminal Law §§ 18, 177— remand for new trial — jurisdiction of lower courts**

Where Court of Appeals orders that a new trial be held in a misdemeanor prosecution originally tried in a municipal court and then tried *de novo* in the superior court, the case on retrial maintains its status as a case "pending in the superior court on appeal from a lower court," G.S. 7A-271(b), and defendant's motion to quash the indictment on the ground that the district court has jurisdiction of the case is properly denied. G.S. 7A-272.

**5. Criminal Law § 87— leading questions**

The allowance of leading questions is a matter entirely within the discretion of the trial judge, and his rulings will not be reviewed on appeal, absent an abuse of discretion.

**6. Criminal Law § 169— unresponsive answer — prejudicial error**

Defendant was not prejudiced by the unresponsive answer of a State's witness where evidence of similar import was later admitted without his objection.

**7. Criminal Law § 77— self-serving declarations**

In a prosecution charging defendant with speeding in excess of 100 m.p.h. in a 45 m.p.h. zone, testimony that defendant told the officer his accelerator became stuck is incompetent as a self-serving declaration made by defendant.

APPEAL by defendant from *Hall, J.,* at the 5 December 1968 Session, Superior Court of ALAMANCE.

Defendant was tried under a bill of indictment proper in form with speeding in excess of 100 miles per hour in a 45 mile-per-hour zone.

From a verdict of guilty and a sentence of imprisonment for a period of 18 months, defendant appealed to this Court.

This case was previously before us and is reported at 2 N.C. App. 605. In an opinion by Britt, J., defendant was given a new trial because of error committed in the charge to the jury. The testimony offered in the retrial of this case was substantially the same as was offered when the case was first tried in the Superior Court. Officer Bray, with the Burlington Police Department, testified that he observed the defendant operating a 1960 Chevrolet on the streets of Burlington and that the defendant was speeding. He pursued the defendant over the streets of Burlington at speeds in excess of 100 miles per hour.

Harold Tucker, who testified for the defendant at the first trial, was not present at the second trial in the Superior Court. However, his sworn testimony from the first trial was offered. This testimony tended to show that Tucker was riding with the defendant on the night in question; that the accelerator on defendant's car became stuck while they were riding on the streets of Burlington; and that the excessive speed occurred while the accelerator was stuck and before defendant was able to correct the situation.

*Attorney General Robert Morgan by Assistant Attorney General William W. Melvin and Staff Attorney T. Buie Costen for the State.*

*John Xanthos for defendant appellant.*

MORRIS, J.

Upon the call of this case for trial the defendant moved for a continuance on the ground that a material witness had not been located, and, upon refusal of the court to continue the case, moved to quash the indictment.

### MOTION TO CONTINUE

[1-3]   The trial judge in his discretion refused to grant the continuance. Defendant now argues that by this ruling he was denied his constitutional right of confrontation. We do not agree. This case had previously been heard in the Superior Court, and Harold Tucker,

the absent witness, had testified under oath at that trial. In the present case the defendant was allowed to introduce into evidence the testimony taken at the previous trial. G.S. 1-176, entitled "Continuance during term" provides that the trial judge may continue a case during term if satisfied (1) that the applicant has used due diligence to be ready for trial and (2) that a fair trial may not be had by reasons of circumstances stated. Subsection (2) of G.S. 1-176 provides further: ". . . and if the ground of application is the nonattendance of a witness, the affidavit must contain the particulars required by subdivision two of § 1-175." This last mentioned section provides: "If the application (for continuance) is made by reason of the expected absence of a witness, it must state the name and residence of the witness, the facts expected to be proved by him, the grounds for the expectation of his nonattendance, and that the applicant expects to procure his evidence at or before some named subsequent term." Suffice it to say that defendant did not comply with the terms of this statute. Further, the witness testified at a previous trial of this same matter and this sworn testimony was available for submission to the jury. Under these circumstances we do not think the defendant had shown that he could not get a fair trial. The motion for a continuance is addressed to the discretion of the court and should not be disturbed absent a showing of an abuse of this discretion. *State v. Daniels,* 164 N.C. 464, 79 S.E. 953. We do not find such in the present case.

## MOTION TO QUASH

G.S. 7A-271 provides:

"(b)    When a district court is established in a district, any superior court judge presiding over a criminal session of court shall order transferred to the district court any pending misdemeanor which does not fall within the provisions of subsection (a), and *which is not pending in the superior court on appeal from a lower court.*" (Emphasis supplied.)

G.S. 7A-272 provides:

"(a)    Except as provided in this article, the district court has exclusive, original jurisdiction for the trial of criminal actions, including municipal ordinance violations, below the grade of felony, and the same are hereby declared to be petty misdemeanors."

[4]    Defendant argues that this case should have been transferred to the District Court because of the above statutes.

This case was first tried in Municipal Court in Burlington on 14 February 1968. From this judgment it was appealed to the Superior Court and a trial *de novo* was held. The Superior Court judgment was reversed by this Court in *State v. Patton*, 2 N.C. App. 605, and a new trial was ordered. If defendant's contentions are correct, when the case was called for retrial in accordance with the order of this Court, the Superior Court Judge should have transferred the case to the District Court by reason of the provisions of G.S. 7A-271 (b), unless the situation presented here comes within the provisions of the last clause of said section. The last clause of G.S. 7A-271 (b) provides that the case is not to be transferred to the district court if it is pending in the superior court on appeal from a lower court. We think this clause applies to the present case. It was tried in the Municipal Court and appealed to the Superior Court. When the Court of Appeals ordered that a new trial be held, that order must be interpreted as meaning that a new trial was to be held in the court where the errors were committed, the Superior Court. On retrial, the case still maintained the status of being "on appeal from a lower court."

[5-7]　Defendant brings forth six assignments of error in regard to the evidence offered at the trial. We have examined each of these assignments and find them to be of a technical nature, and involving little substance. Defendant argues that an answer of Officer Bray was not responsive. We do not think the answer was prejudicial, particularly in light of the fact that evidence of similar import was later admitted without objection. 6 Strong, N.C. Index, Criminal Law § 169, p. 132. Defendant argues that the solicitor was allowed to ask a leading question. "The allowance of leading questions is a matter entirely within the discretion of the trial judge, and his rulings will not be reviewed on appeal, at least in the absence of a showing of abuse of discretion." Stansbury, N.C. Evidence 2d § 31. Officer Bray, on cross-examination, was about to state what the defendant had told him when he was arrested. Objection was made and sustained. Defendant contends that it was error to interrupt the witness when he was about to volunteer a statement. This objection was properly sustained because the answer about to be given was unresponsive and would constitute hearsay evidence. The trial court refused to allow certain testimony concerning what the defendant told Officer Bray about his accelerator being stuck. This objection was properly sustained because the statements solicited were self-serving declarations made by the defendant. See, *State v. McCanless*, 182 N.C. 843, 109 S.E. 62.

We have examined defendant's remaining assignments of error

and find them to be without prejudicial error. The charge when construed contextually is free from objection. The law was fairly and clearly presented to the jury. In the charge, we find no prejudicial error. *State v. Hall,* 267 N.C. 90, 147 S.E. 2d 548.

Affirmed.

MALLARD, C.J., and CAMPBELL, J., concur.