STATE OF NORTH CAROLINA v. TED FLOYD PAYNE, JR.

No. 7124SC96

(Filed 28 April 1971)

**1. Criminal Law § 91— motion for continuance — missing defense witness**

Defendant's motion for continuance on the ground that the essential defense witness had been subpoenaed but not located *held* properly denied by the superior court judge in the exercise of his discretion, where (1) the sheriff testified that he and his deputies were unsuccessful in their attempts to locate the witness in the county and (2) the defendant had made no effort to secure the witness in the trial in the district court.

**2. Criminal Law § 128— mistrial — nonresponsive answer of State's witness**

Nonresponsive answer by the State's witness on cross-examination did not warrant an order of mistrial in this drunken driving prosecution.

Judge GRAHAM dissenting.

APPEAL by defendant from *Froneberger, Superior Court Judge,* 31 August 1970 Criminal Session, MADISON County Superior Court.

Defendant was charged in a warrant, proper in form, with driving an automobile on the highways of the State while under the influence of intoxicating liquor.

Evidence for the State tended to show that defendant was observed driving a pick-up truck on Rural Unpaved Road 1127 by a State Highway Patrolman and another witness. The patrolman turned around and began pursuing the defendant, who speeded up to a high rate of speed. After being pursued for almost two miles, defendant stopped the truck and got out of the driver's side and was placed under arrest by the patrolman. Defendant was taken to the Mars Hill Police Station and given a breathalyzer test, which showed a reading of .19.

Defendant's evidence tended to show that he was not driving the pick-up truck at the time in question, but was only a passenger, and the truck was driven by one Dean Henderson. When the truck stopped, defendant got out on the passenger's side and Dean Henderson got out on the driver's side and ran through the field toward the woods. Defendant attempted to

State v. Payne

subpoena Dean Henderson, but he was never served and did not appear in court.

From a verdict of guilty and a sentence of six months, suspended for twelve months upon condition that he not operate a motor vehicle on the highways of North Carolina for at least twelve months and pay a fine of $100.00, defendant appeals to this Court.

*Attorney General Robert Morgan by Assistant Attorneys General William W. Melvin and T. Buie Costen for the State.*

*Swain and Fowler by Robert S. Swain for defendant appellant.*

CAMPBELL, Judge.

[1] Defendant's first assignment of error is directed at the court's refusal to grant defendant's motion for a continuance. The motion was based on the fact that an essential defense witness was not present in court, although a subpoena had been issued. A motion for a continuance is addressed to the discretion of the court and should not be disturbed absent a showing of an abuse of this discretion. *State v. Patton,* 5 N.C. App. 164, 167 S.E. 2d 821 (1969), *cert. denied,* 275 N.C. 597 (1969).

Here, no abuse of the trial judge's discretion is shown. The record discloses that the "essential defense witness" was Dean Henderson, the man that defendant claimed was driving the pick-up truck. Dean Henderson was not present nor was he subpoenaed for the trial in the district court. Both the Sheriff of Madison County and a deputy sheriff testified as to the efforts they made to locate Dean Henderson and serve the subpoena. The deputy sheriff testified that he was unable to locate Dean Henderson and was informed that he was out of the county. The defendant himself testified that:

" . . . It has been over a month or more since I talked to Dean Henderson. There's no use trying to get him here. . . . He said that he didn't want to come to Court. . . . "

" . . . I believe that he might be in Buncombe County with his sister. He spends a week with her now and then. It has been over a month since I have seen him.—It's not been that long. He was down on the river fishing one night

State v. Payne

with his sister, the one that lives in Buncombe County. I really don't know anything about Buncombe, or him. He might spend a week up there with his sister, or a day, I don't know."

Under these circumstances, no abuse of discretion is shown, and defendant's first assignment of error is overruled.

[2] Defendant next assigns as error the failure of the trial judge to grant defendant's motion for a mistrial where a witness for the State gave a nonresponsive answer on cross-examination. As a general rule, a motion for a mistrial is addressed to the discretion of the trial judge, and the ruling thereon is not reviewable on appeal in the absence of a showing of an abuse of discretion. *State v. Williams*, 7 N.C. App. 51, 171 S.E. 2d 39 (1969) ; *State v. Battle*, 267 N.C. 513, 148 S.E. 2d 599 (1966). Here, the testimony complained of was elicited by counsel for defendant on cross examination; the record does not disclose what the question was that brought about the answer of the witness; and apparently no motion to strike the testimony was made. From these facts, no abuse of discretion can be seen.

We have reviewed defendant's remaining assignments of error and find them to be without merit.

For the reasons stated, in the trial below there was

No error.

Judge BRITT concurs.

Judge GRAHAM dissents.

Judge GRAHAM dissenting.

Defendant testified that after he was arrested and placed in the patrol car, the arresting officer pursued a Mercury automobile at high speed for three or four minutes. In instructing the jury the court stated: "He contends, that is, the defendant, that he had ridden around with the officers and chased other automobiles *or other offenders* and that he had ample opportunity to possibly consume alcohol in the interim." (Emphasis added.) In my opinion, the court's inadvertent reference to "other offenders" constitutes an expression of opinion on the facts in violation of G.S. 1-180 and is grounds for a new trial.

Defendant denied strenuously that he had committed any offense. To characterize the driver of the automobile subsequently pursued by the officer as an "other offender" was to necessarily characterize defendant as an "offender."

I further find prejudicial error in the court's failure to sustain defendant's objection to testimony of a State's witness which was prejudicial and unresponsive to a question relating to the height of some bushes which defendant apparently contended obstructed the witness' view of the driver of the truck. This colloquy is set forth under defendant's Assignment of Error No. 13 as follows:

"Q. They're up high enough to where you have difficulty seeing through them—

A. No, that was not, now, Mr. Swain. Them bushes wasn't there at this time. I ain't got a thing against that boy. If I had had, next morning after he had his trial, here he come down there drunk, cussing and abusing me; and right there sets my youngest boy—I had him take him home.

MR. SWAIN: Objecting and move for a mistrial.

THE COURT: Overruled.

MR. SWAIN: Your Honor, that was not a responsive answer.

THE COURT: That's a response to your question.

MR. SWAIN: I did not ask—

THE COURT: All right, I overruled the objection, Mr. Swain."

I agree with the majority opinion that whether defendant's motion for a mistrial should have been granted was within the discretion of the trial court. However, even though the motion for a mistrial was denied, it was nevertheless the duty of the court to sustain defendant's objection and instruct the jury not to consider the obviously unresponsive and prejudicial portion of the witness' statement.

For the reasons set forth I vote to award defendant a new trial.