STATE OF NORTH CAROLINA v. RONALD CHASE WYRICK

No. 7718SC752

(Filed 21 February 1978)

1. **Criminal Law § 89.2— corroborating testimony**

    The trial court did not err in the admission of a detective's testimony for the purpose of corroborating two State's witnesses where defendant had impeached both witnesses by cross-examination and by offering evidence contradicting their testimony.

2. **Criminal Law § 117.4— refusal to instruct on "unsupported" accomplice testimony**

    The trial court did not err in refusing to give defendant's tendered instruction that the jury could "convict on unsupported testimony of an accomplice, or coconspirator, but it is dangerous and unsafe to do so," where the court properly charged on the jury's duty to scrutinize an accomplice's

State v. Wyrick

testimony and the weight to be given such testimony, and where the accomplice testimony was in fact supported by other evidence in the case.

**3. Automobiles § 140— altering vehicle serial number—assignment of number by DMV**

A conviction of altering a motor vehicle serial number in violation of G.S. 20-109(b)(1) must be set aside and a new trial granted where the trial court failed to require the jury to find beyond a reasonable doubt that the number alleged to have been altered was assigned to the motor vehicle by the Division of Motor Vehicles.

**4. Criminal Law §§ 140.3, 177.1— sentence to begin at expiration of sentence set aside—remand**

Where there was no error in the trial on one charge, but the sentence thereon was made to begin at the expiration of the sentence on another charge upon which a new trial has been granted, the judgment on the charge upheld must be set aside and the cause remanded for judgment.

APPEAL by defendant from *Collier, Judge*. Judgments entered 20 April 1977 in Superior Court, GUILFORD County. Heard in the Court of Appeals 18 January 1978.

The defendant was indicted by separate bills for the felonies of altering a motor vehicle serial number and conspiracy to alter a motor vehicle serial number. Upon his pleas of not guilty to both charges, the jury returned verdicts of guilty. From judgments sentencing him to consecutive terms of five years' imprisonment for altering a motor vehicle serial number and not less than one nor more than five years' imprisonment for conspiracy, defendant appealed.

The State offered evidence tending to show that, during September, 1972, George Wesley Taylor purchased a green 1972 Chevrolet El Camino truck. In 1973, the defendant, Ronald Chase Wyrick, purchased a wrecked blue 1972 Chevrolet El Camino truck. The defendant, together with Taylor and others, drilled out the serial number of the green truck and replaced it with another number. The engine from the blue truck was then placed into the green truck which the defendant took to a Chevrolet dealership in Mountain City, Tennessee. There it was sold, and the proceeds of the sale were given to the defendant.

The green truck was later recovered by law enforcement authorities. An examination of the identification numbers for this vehicle indicated the number on the dashboard and the number

on the engine matched the numbers assigned to the blue truck. The confidential identification number placed on the vehicle by the manufacturer matched a number previously assigned to the green truck.

Defendant's evidence as to altering the motor vehicle number was in the nature of an alibi. His evidence as to the conspiracy tended to show that he purchased the blue truck as an accommodation to an acquaintance and had never entered into or known of a conspiracy.

*Attorney General Edmisten, by Associate Attorney David Roy Blackwell and Deputy Attorney General William M. Melvin, for the State.*

*Luke Wright and Robert D. Albergotti for defendant appellant.*

MITCHELL, Judge.

[1] Defendant first contends the trial court erred in allowing Detective G. D. Payne of the Greensboro Police Department to testify, over defendant's objections, for the purpose of corroborating the State's witnesses, Frank Campbell and Broughton Sutton. This contention is without merit, as the defendant cross-examined both witnesses and offered evidence contradicting their testimony.

The controlling rule of law is set forth in *State v. Carter*, 293 N.C. 532, 535, 238 S.E. 2d 493, 495 (1977), as follows:

In this jurisdiction, evidence tending to support a witness's credibility is admissible when he is impeached in any manner including contradictory statements, cross-examination, or contradiction by other witnesses. *State v. Cope*, 240 N.C. 244, 81 S.E. 2d 773. Some of our more recent cases tend to recognize the admissibility of corroborative evidence without even considering the question of whether the witness has been impeached. See, 1 Stansbury's N.C. Evidence, *Witnesses*, Sec. 50 (Brandis Rev.), and cases there cited.

Defendant further contends that the trial court erred in permitting the State to cross-examine him concerning his conviction in 1967 for automobile larceny and fraud. We find no error in the

admission of this evidence. *State v. Currie*, 293 N.C. 523, 529, 238 S.E. 2d 477, 480 (1977).

[2]   Defendant next assigns as error that part of the charge of the trial court relating to the testimony of accomplices. The trial court denied the defendant's timely submitted written request for an instruction that: "You may convict on unsupported testimony of an accomplice, or co-conspirator, but it is dangerous and unsafe to do so."

During its charge, the trial court gave a thorough and complete definition of the term "accomplice" and proceeded to instruct the jury:

An accomplice is considered by the law to have an interest in the outcome of the case. If you find that the witness was an accomplice, you should examine every part of the testimony of this witness or these witnesses with the greatest care and caution. If, after doing so, you believe his testimony in whole or in part, you should treat what you believe the same as any other believable evidence in the case.

The charge of the trial court was sufficient to meet its obligation to give a correct instruction concerning accomplice testimony. *See State v. White*, 288 N.C. 44, 215 S.E. 2d 557 (1975). The trial court was not required to parrot the instructions requested by the defendant as the charge given was, to the extent required by the evidence, substantially in conformity with that requested. *State v. Bailey*, 254 N.C. 380, 119 S.E. 2d 165 (1961).

The charge given by the trial court did not conform to the defendant's request for an instruction with reference to the "unsupported" testimony of an accomplice. This was entirely proper as the testimony of the accomplices tended to be supported by other evidence in the case.

Witness William Megaw testified that he sold a wrecked blue El Camino truck to the defendant. Additionally, he testified as to the vehicle identification numbers on the wrecked truck. Witness John Cunningham, a salesman at a Tennessee automobile dealership, testified that the defendant brought the green El Camino truck to Tennessee for sale. Cunningham also testified from his direct observation that the confidential vehicle identification number did not match the public identification numbers on the

dashboard and engine. Other evidence also tended to support the testimony of those individuals who testified as accomplices.

At most, the trial court is required to instruct the jury in conformity with tendered instructions only to the extent such requested instructions are supported by competent evidence in the case. Instructions which are tendered but do not conform to the evidence need not be given in substance or otherwise. The trial court properly denied the written motion for instructions and properly instructed the jury on the weight to be given accomplice testimony. This assignment of error is overruled.

[3] Defendant additionally contends that he must be granted a new trial on the charge of altering a motor vehicle serial number in violation of G.S. 20-109(b)(1), as the trial court erred by failing to charge the jury with respect to all elements of the offense. Specifically, defendant contends that the trial court failed to require that, prior to returning a verdict of guilty, the jury find beyond a reasonable doubt the number alleged to have been altered was assigned to the motor vehicle by the Division of Motor Vehicles.

The bill of indictment alleges, in pertinent part, that the number in question had been assigned to the vehicle, "by the Department of Motor Vehicles of North Carolina." The State, through the testimony of Walter J. Parrish, Jr., introduced substantial evidence consuming more than two pages of the printed record and tending to show that the number had been assigned to the vehicle by the Department of Motor Vehicles.

With regard to the essential elements of this offense, the trial court instructed the jury:

I charge that for you to find the defendant Wyrick guilty of this charge the State must prove two things beyond a reasonable doubt: First, that he, Ronald Wyrick, removed or altered a motor vehicle serial number. Second, that he did so with the intent to conceal or misrepresent the true identity of that vehicle.

So I charge you, Members of the Jury, that if you find from the evidence and beyond a reasonable doubt that on or about August 24, 1973, Ronald Chase Wyrick, alone or with others, removed or altered the motor serial number of a 1972 El

Camino pickup truck and that in so doing, he intended to conceal or misrepresent the true identity of that 1972 El Camino vehicle, then it would be your duty to find him guilty.

In the above quoted portion of the charge, the trial court inadvertently omitted an essential element of the offense condemned by G.S. 20-109(b)(1). At the time of the alleged offense, the statute specifically required, *inter alia*, that the serial or motor number alleged to have been altered be one assigned by the Department of Motor Vehicles. Effective 1 July 1975, the Department of Motor Vehicles was redesignated the Division of Motor Vehicles of the Department of Transportation by amendment to G.S. 20-1. At the same time, the term "Division" was substituted for the term "Department" by amendment at all pertinent places in G.S. 20-109. The charge of the trial court, however, makes no reference to the requirement that the serial or motor number alleged to have been altered be one assigned by the Department of Motor Vehicles (now, Division of Motor Vehicles of the Department of Transportation).

The requirement that a serial or motor number alleged to have been altered be one assigned to a vehicle by the Division of Motor Vehicles of the Department of Transportation (formerly, Department of Motor Vehicles) is an essential element of the offense condemned by G.S. 20-109(b)(1). Before the State is entitled to a conviction under this statute, it must prove the presence of this element beyond a reasonable doubt from the evidence. See, *State v. Hairr*, 244 N.C. 506, 94 S.E. 2d 472 (1956).

The trial court must explain each essential element of the offense charged. *State v. Lunsford*, 229 N.C. 229, 49 S.E. 2d 410 (1948). When it does not, it is prejudicial error sufficient to warrant a new trial. Here, the inadvertent omission of an essential element was such error. *State v. Logner*, 269 N.C. 550, 153 S.E. 2d 63 (1967); 4 Strong, N.C. Index 3d, Criminal Law, § 113, p. 581.

The State contends that the defendant never challenged that portion of the State's evidence tending to show the vehicle identification numbers allegedly altered were assigned to the vehicle by the Department of Motor Vehicles. The State further contends that, since there was no issue of fact to which the jury could apply the law, the court was not required to charge on this point. In

support of these contentions, the State calls our attention to the case of *State v. Spratt*, 265 N.C. 524, 144 S.E. 2d 569 (1965).

*Spratt* involved a prosecution for an attempt to commit armed robbery. The defendant relied upon an alibi. In charging the jury the trial court omitted an instruction that the jury must find the taking to have been with an intent to steal. It was held that the evidence and the defense of alibi did not raise a direct issue as to intent. Therefore, the trial court's charge to the jury that, in effect, before they could return a verdict of guilty, they must find the defendant attempted to take the property with "intent to rob" was sufficient. The word "rob" was found to import an intent to steal.

We find *Spratt* distinguishable from the present case. It did not involve a situation in which the trial court completely omitted any reference to an essential element. Here, there was just such complete omission.

The defendant pled not guilty. His plea of not guilty put in issue every element of the offense charged, including the credibility of the evidence, even though portions of the evidence were uncontradicted. *State v. Stone*, 224 N.C. 848, 32 S.E. 2d 651 (1945); *State v. Patton*, 2 N.C. App. 605, 163 S.E. 2d 542 (1968), later app., 5 N.C. App. 164, 167 S.E. 2d 821 (1969); and 4 Strong, N.C. Index 3d, Criminal Law, § 24, p. 101. The failure of the trial court to instruct the jury as to an essential element of the crime charged was, therefore, prejudicial error which will necessitate a new trial on this charge.

Exceptions and assignment of error relating to the trial court's instructions to the jury defining the crime of conspiracy to alter a motor vehicle serial number are not brought forward or argued, and we deem them abandoned. Nevertheless, we have thoroughly reviewed the instructions of the trial court relative to conspiracy and find them proper.

The defendant brought forward numerous additional exceptions and assignments of error relating solely to his conviction on the substantive charge of altering a motor vehicle serial number. Having found reversible error in that case for which we must order a new trial, we decline to discuss those assignments of error as they may not arise upon retrial.

[4]  We have found no error in the trial on the charge of conspiracy to alter a motor vehicle identification number (77CRS18020). However, as the sentence on that charge is to begin at the expiration of the sentence on the charge (77CRS18026) of altering a motor vehicle number, it must be set aside and the cause remanded for judgment. *State v. Sutton*, 244 N.C. 679, 94 S.E. 2d 797 (1956).

For error, in the trial (77CRS18026) of the defendant for altering a motor vehicle number in violation of G.S. 20-109(b)(1), we order a

New trial.

In his trial on the charge of conspiracy to alter a motor vehicle identification number (77CRS18020), the defendant had a fair trial free of prejudicial error, but for reasons previously stated, we order that case

Remanded for judgment.

Judges MORRIS and CLARK concur.