IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA19-970

Filed: 18 August 2020

Haywood County Nos. 17 CRS 000858-59; 17 CRS 051084

STATE OF NORTH CAROLINA

      v.

KIMBERLY RENEE PALMER, Defendant.

Appeal by Defendant from judgment entered 13 February 2019 by Judge William R. Bell in Haywood County Superior Court. Heard in the Court of Appeals 14 April 2020.

> *Attorney General Joshua H. Stein, by Assistant Attorney General Rory Agan, for the State.*
>
> *Stephen G. Driggers for defendant-appellant.*

MURPHY, Judge.

Defendant, Kimberly Renee Palmer, was convicted of violating N.C.G.S. § 90-95(e)(9), felony possession of a controlled substance on jail premises. At trial, she requested the jury be provided a special instruction requiring the State to prove lawful possession of a controlled substance as an element of N.C.G.S. § 90-95(e)(9). Our plain reading of Chapter 90 reveals lawful possession of a controlled substance is not an element of the statute but rather an exception, per N.C.G.S. § 90-113.1(a).

Defendant requested lawful possession be instructed as an element rather than an exception, which would have erroneously shifted the burden of proof from herself to the State. The trial court did not err in denying Defendant's requested jury instruction.

## BACKGROUND

Defendant was indicted for felony possession of a controlled substance on jail premises, misdemeanor possession of a Schedule II controlled substance, misdemeanor possession of drug paraphernalia, and for attaining habitual felon status. These charges arose out of an incident that began as a domestic dispute with Defendant later being found to have Oxycodone on her person during her intake following arrest. At trial, in lieu of N.C.P.I.--Crim. 260.12, Defendant requested the following jury instruction:

> The Defendant has been charged with *illegally possessing* oxycodone, a controlled substance, on the premises of a local confinement facility. For you to find the defendant guilty of this offense, the state must prove two things beyond a reasonable doubt: First, that the defendant knowingly and illegally possessed oxycodone. Oxycodone is a controlled substance. A person knowingly possesses a controlled substance when a person is aware of its presence, and has both the power and intent to control the disposition or use of that substance. *Illegal possession of a controlled substance is possession of that substance when a person does not have a valid prescription for that controlled substance.* And Second, that the defendant was on the premises of a local confinement facility at the time of the defendant's knowing and illegal possession of the controlled substance. If you find from the evidence beyond a reasonable doubt that on or about the alleged date, the defendant knowingly and illegally possessed oxycodone

and that the defendant was on the premises of a local confinement facility at that time, it would be your duty to return a verdict of guilty. If you do not find or have a reasonable doubt as to one or both of these things, it would be your duty to return a verdict of not guilty. (Emphasis added).

The trial court denied this request. At no point during trial did Defendant request an instruction on the defense of lawful possession.[1] Defendant was found guilty on all charges and sentenced to 103 to 136 months in prison. She gave notice of appeal on 11 February 2019.

# ANALYSIS

On appeal, Defendant contends the trial court erred in failing to give her requested instruction to the jury defining illegal possession of a controlled substance as possession without a prescription. We disagree.

"It is the duty of the trial court to instruct the jury on all substantial features of a case raised by the evidence." *State v. Shaw,* 322 N.C. 797, 803, 370 S.E.2d 546, 549 (1988). "[W]hen a request is made for a specific instruction which is correct in itself and supported by evidence, the trial judge, while not required to parrot the

---

[1] "In order to preserve an issue for appellate review, a party must have presented to the trial court a timely request, objection, or motion, stating the specific grounds for the ruling the party desired the court to make if the specific grounds were not apparent from the context. It is also necessary for the complaining party to obtain a ruling upon the party's request, objection, or motion." N.C. R. App. P. 10(a)(1) (2019). "In criminal cases, an issue that was not preserved by objection noted at trial and that is not deemed preserved by rule or law without any such action nevertheless may be made the basis of an issue presented on appeal when the judicial action questioned is specifically and distinctly contended to amount to plain error." N.C. R. App. P. 10(a)(4) (2019). At no point on appeal does Defendant argue it was plain error for the trial court to exclude an instruction on the defense of lawful possession. Thus, any such consideration is not a part of this appeal.

instructions . . . must charge the jury in substantial conformity to the prayer." *State v. Clark,* 324 N.C. 146, 160-161, 377 S.E.2d 54, 63 (1989) (internal quotations omitted). "Whether evidence is sufficient to warrant an instruction is a question of law." *State v. Smith,* 263 N.C. App. 550, 558, 823 S.E.2d 678, 684 (2019) (alterations omitted). "[W]here the request for a specific instruction raises a question of law, the trial court's decisions regarding jury instructions are reviewed *de novo* by this Court." *State v. Edwards,* 239 N.C. App. 391, 393, 768 S.E.2d 619, 621 (2015) (internal quotations omitted).

"[I]t is unlawful for any person . . . [t]o possess a controlled substance." N.C.G.S. § 90-95(a)(3) (2019). Oxycodone is a Schedule II controlled substance. N.C.G.S. § 90-90(1)(a)(14) (2019). Further, "[a]ny person who violates [N.C.]G.S. [§] 90-95(a)(3) on the premises of a penal institution or local confinement facility shall be guilty of a Class H felony." N.C.G.S. § 90-95(e)(9) (2019). "The State must prove beyond a reasonable doubt every essential element of the crime charged, and it is incumbent upon the trial judge to so instruct the jury." *State v. Logner,* 269 N.C. 550, 553, 554, 153 S.E. 2d 63, 66 (1967). However,

> [i]t shall not be necessary for the State to negate any exemption or exception set forth in this Article in any complaint, information, indictment, or other pleading or in any trial, hearing, or other proceeding under this Article, and the burden of proof of any such exemption or exception shall be upon the person claiming its benefit.

N.C.G.S. § 90-113.1(a) (2019).

After denying Defendant's requested instruction, the trial court instead provided N.C.P.I.--Crim. 260.12:

> [Defendant] has been charged with possessing Oxycodone, a controlled substance, on the premise [sic] of a local confinement facility. For you to find [Defendant] guilty of this offense, the State must prove two things beyond a reasonable doubt: First, that [Defendant] knowingly possessed Oxycodone. Oxycodone is a controlled substance. A person possesses Oxycodone when a person is aware of its presence and has both the power and intent to control its disposition or use. And second, that [Defendant] was on the premises of a local confinement facility at the time of [Defendant's] possession of the Oxycodone.

N.C.P.I.--Crim. 260.12 (2019).

On appeal, Defendant argues N.C.G.S. § 90-101(c)(3), in conjunction with N.C.G.S. § 90-95(a)(3) and N.C.G.S. § 90-95(e)(9), provide an element of the offense of possession of a controlled substance on jail premises and should therefore have been part of the jury instruction. N.C.G.S. § 90-101(c)(3) (2019) ("The following persons shall not be required to register and may lawfully possess controlled substances under the provisions of this Article . . . [a]n ultimate user or person in possession of any controlled substance pursuant to a lawful order of a practitioner."). We disagree.

A plain reading of the statute in question does not require the State to prove unlawful possession of a controlled substance as an element which the State bears the burden of proving. N.C.G.S. § 90-95(e)(9) (2019) ("Any person who violates [N.C.]G.S. [§] 90-95(a)(3) on the premises of a penal institution or local confinement

facility shall be guilty of a Class H felony."). Moreover, N.C.G.S. § 90-113.1(a) clearly states that where an exemption or exception is requested, the burden of proof shall be upon the party claiming such exception, in this case Defendant. N.C.G.S. § 90-113.1(a) (2019). Defendant argues on appeal, like she did at trial, that lawful possession is an element of N.C.G.S. § 90-95(e)(9), not a defense. She contends that "[t]he proposed instruction incorporated into the elements of the offense the exception for prescription holders under [N.C.G.S.] § 90-101(c)(3) rather than presenting the exception as a separate defense instruction, as suggested by the State." By Defendant's own words, the proposed instruction constituted an "exception," clearly addressed by N.C.G.S. § 90-113.1(a), for which the burden of proof would have fallen on Defendant, not the State. As lawful possession of a controlled substance is an exception, rather than an element, the trial court did not err in denying Defendant's request for a special jury instruction.

Defendant also argues, in the alternative, that if not an element, the question of lawful possession is a subordinate issue. "[I]nstructions as to the significance of evidence which do not relate to the elements of the crime itself or [D]efendant's criminal responsibility" are considered subordinate issues. *State v. Hunt,* 283 N.C. 617, 624, 197 S.E.2d 513, 518 (1973). "In the absence of a special request the trial judge is not required to instruct the jury on subordinate features of a case." *State v. Lester,* 289 N.C. 239, 243, 221 S.E.2d 268, 271 (1976). However, upon receiving such a request, "when the request is correct in law and supported by the evidence in the

case, the court must give the instruction in substance." *State v. Monk,* 291 N.C. 37, 54, 229 S.E.2d 163, 174 (1976).

We hold Defendant's requested instruction was not correct in law, as it mischaracterized an exception as an element of N.C.G.S. § 90-95(e)(9), in contravention of N.C.G.S. § 90-113.1(a). Therefore, we need not consider whether the request was supported by evidence and find that even if the instruction were deemed a subordinate issue, the trial court nevertheless did not err in denying Defendant's request for the special jury instruction.

## **CONCLUSION**

The trial court did not err in denying Defendant's request for a special jury instruction on lawful possession of a controlled substance where the requested instruction improperly characterized an exception as an element.

NO ERROR.

Chief Judge MCGEE and Judge BROOK concur.